IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENCO BRANDS, INC., an Ohio corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-598 (GMS) |
| | ) |
| HITACHI KOKI U.S.A., LTD., a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT HITACHI KOKI'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Morris, Nichols, Arsht & Tunnell LLP
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
*Attorneys for Hitachi Koki U.S.A., Ltd.*

OF COUNSEL:

Paul Devinsky
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Joseph H. Paquin, Jr.
Amol A. Parikh
McDermott Will & Emery LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

August 7, 2017

## **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ............................................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................................. 1

STATEMENT OF FACTS ............................................................................................................. 3

ARGUMENT .................................................................................................................................. 5

    I.    A Pleading Must Allege Enough Facts To State A Plausible Claim ............................. 5

    II.   Senco's Allegations Of Infringement Of The Wrongly Recited Claims Should Be Dismissed ...................................................................................................................... 7

    III.  Senco's Willfulness Allegations Should Be Dismissed ................................................ 9

    IV.  Senco's Induced Infringement Allegations Should Be Dismissed ............................. 10

CONCLUSION ............................................................................................................................. 12

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................. 5-6, 10

*Atlas IP, LLC v. Exelon Corp.*,
   C.A. No. 15-10746, 2016 WL 2866134 (N.D. Ill. May 17, 2016) ............................. 6

*Atlas IP LLC v. Pacific Gas & Elec. Co.*,
   C.A. No. 15-5469, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) .............................. 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................. 5-6

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
   No. 12-cv-1111-GMS (D. Del. Nov. 18, 2013) (Sleet, J.) ....................................... 12

*Circuit City Stores, Inc. v. Citgo Petroleum Corp.*,
   No. 92CV-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ................................... 1

*Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*,
   73 F. Supp. 3d 435 (D. Del. 2014) ........................................................................... 10

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ................................................................................ 11

*Godlewski v. Affiliated Computer Servs., Inc.*,
   210 F.R.D. 571 (E.D. Va. 2002) ............................................................................... 1

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ............................................................................................. 9-10

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
   434 F. Supp. 2d 598 (N.D. Iowa 2006) .................................................................... 1

*In re Bill of Lading*,
   681 F.3d at 1339 ....................................................................................................... 11

*IP Communication Solutions, LLC v. Viber Media (USA) Inc.*,
   No. 16-cv-00134-GMS, 2017 WL1312942 (D. Del. Apr. 5, 2017) (Sleet, J.) ......... 11

*Macronix Int'l Co. v. Spansion, Inc.*,
   4 F. Supp. 3d 797 (E.D. Va. Mar. 10, 2014) ............................................................ 6

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
   C.A. No. 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) .................. 2, 10

*McRo, Inc. v. Rockstar Games, Inc.*,
   C.A. No. 12-1513-LPSCJB, 2014 WL 1051527 (D. Del. Mar. 17, 2014) ........................ 6-7, 9

*Metzler Inv. GmbH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ................................................................................................6

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
   No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) ...................................................12

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)......................................................................................12

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
   No. 12-cv-92-RGA, 2012 WL 2700495 (D. Del. July 5, 2012) ...............................................12

*RainDance Techs., Inc. v. 10X Genomics, Inc.*,
   C.A. No. 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016)............................................6

*Zoetis LLC v. Roadrunner Pharmacy, Inc.*,
   No. CV 15-3193, 2016 WL 755622 (D.N.J. Feb. 25, 2016).....................................................9

**Rules and Statutes**

Fed. R. Civ. P. 8(a) ..............................................................................................................1, 5, 7

**NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Senco Brands, Inc. ("Senco") filed this action against Defendant Hitachi Koki U.S.A., Ltd. ("Hitachi Koki") on May 23, 2017 alleging infringement of U.S. Patent Nos. 8,011,547 (the "'547 patent"), 8,267,296 (the "'296 patent"), 8,267,297 (the "'297 patent"), 8,387,718 (the "'718 patent"), 8,286,722 (the "'722 patent"), and 8,602,282 (the "'282 patent") (collectively the "Patents-in-Suit"). (D.I. 1, "Complaint"). Hitachi Koki has filed a motion to partially dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted. This is Hitachi Koki's opening brief in support of that motion.[1]

**SUMMARY OF THE ARGUMENT**

Counts I, II, III, IV, V, and VII of Senco's Complaint, which allege infringement of the '547 patent, the '296 patent, the '297 patent, the '718 patent, and the '722 patent, should be dismissed for failing to satisfy the basic pleading requirements of Federal Rule of Civil Procedure 8(a). As the sole factual support for its infringement allegations, Senco attached, as Exhibit G to the Complaint, claim charts allegedly showing how certain of Hitachi Koki's products infringe claim 30 of the '547 patent, claims 1 and 11 of the '296 patent, claims 1, 30, and 32 of the '297 patent, claims 1, 10, and 16 of the '718 patent, claims 1 and 16 of the '722 patent, and claim 1 of the '282 patent. (D.I. 1 ¶¶ 24, 32, 40, 48, 56, 64). However, the language Senco recited for claim

---

[1]     A motion to dismiss that only addresses part of a complaint suspends the time for Hitachi Koki to answer or otherwise respond to the remaining allegations in the Complaint. See, e.g., *Ideal Instruments, Inc. v. Rivard Instruments, Inc*., 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Servs., Inc.,* 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores, Inc. v. Citgo Petroleum Corp*., No. 92CV-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("[A] partial 12(b) motion enlarges the time to file an answer.").

30 of the '547 patent, claim 11 of the '296 patent, claim 32 of the '297 patent, claims 1, 10, and 16 of the '718 patent, and claim 16 of the '722 patent (collectively, "Wrongly Recited Claims") does not match the actual claim language from those patent claims, but rather omits and adds substantive limitations. By relying on incorrect claim language in its allegations, Senco failed to allege sufficient facts to support a plausible claim that the accused products infringe the '547 patent, the '297 patent, the '718 patent, or the '722 patent. Counts I, II, III, IV, V, and VII of Senco's Complaint should therefore be dismissed.

In addition, Senco's claims of willful infringement for all of the Patents-in-Suit should be dismissed because the Complaint simply alleges Hitachi Koki had "notice of Senco's rights respecting the patented technology" and goes on to simply state only a conclusory assertion that Hitachi Koki's "infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law." (*Id*. at ¶¶ 27-28, 35-36, 43-44, 51-52, 59-60, 67-68, 76-78). This type of conclusory allegation does not state a claim for willful infringement, and should therefore be dismissed. *See Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, C.A. No. 15-438-LPS-CJB, 2015 WL 7833206, at *5 (D. Del. Dec. 3, 2015).

Finally, Count VII of Senco's complaint, which contains allegations directed to induced infringement of the Patents-in-Suit [2] (D.I. 1, ¶¶69-78) should be dismissed for an additional and independent reason—namely that it merely parrots the legal elements for induced infringement and does not allege facts that would support or put Hitachi Koki on notice of what activities and knowledge meet those elements.

---

[2] The title of Count VII references only the '718 patent, but the paragraphs in the Count and the Prayer for Relief containing allegations relating to inducement are directed to the Patents-in-Suit and not just the '718 patent. (D.I. 1 ¶¶ 71-72, 74-78, Prayer for Relief (b)).

**STATEMENT OF FACTS**

Hitachi Koki offers an extensive line of professional and do-it-yourself grade power tools and accessories for woodworking, metalworking, drilling, and outdoor power equipment. In its Complaint, Senco alleges that Hitachi Koki directly infringes the Patents-in-Suit by having "created, used, sold, offered to sell, and imported nailers." (D.I. 1 ¶¶ 23, 31, 39, 47, 55, 63). Senco also alleges Hitachi Koki induces infringement of the '718 Patent by having "sold, offered to sell, continue to sell or offer to sell, into the United States, products that are configured to perform methods that infringe." (*Id*. at ¶¶ 71-72).

As sole support for its infringement allegations, Senco provides claim charts allegedly showing how certain of Hitachi Koki's cordless nailers infringe the Wrongly Recited Claims. (D.I. 1-1 Exhibit G). The language in the claim charts for the Wrongly Recited Claims, however, does not match the actual claim language from those patent claims, and instead adds or omits limitations. For instance, with respect to the '547 patent, Senco's claim chart deletes, among others, the limitations, "substantially surrounds at least a portion of said cylinder" and "wherein when said driver member is at its ready position, said lifter member thereby holds said movable piston in a 'stop' position that is located proximal to said first end of said hollow cylinder, while said movable piston is under a maximum pneumatic force of said pressurized gas" from claim 30 (*compare* D.I. 1-1, Ex. A at col. 51:35-36, 51:44-49 *with* Ex. G at 3-4). At the same time, the claim chart adds language found nowhere in claim 30 of the '547 patent, including for instance, the limitation, "exhibits a discontinuous contact surface that, at predetermined locations along said discontinuous contact surface, makes contact with said at least one plurality of spaced apart protrusions of said driver member such that ..." (*Id*.) Senco's claim charts for the other Wrongly Recited Claims similarly add and omit claim language not found in the issued claims. For the Court's convenience, attached as Exhibit A is a comparison showing the actual language of the

3

Wrongly Recited Claims and Senco's recitation of those claims, with added limitations denoted by double-underlining and omitted limitations denoted by strikethrough.

In addition, Senco's willful infringement allegations do not state sufficient facts to state a plausible claim. Instead, Senco merely asserts that Hitachi Koki had notice of "Senco's rights respecting the patented technology" and that the "infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law." (D.I. 1 ¶¶ 27-28, 35-36, 43-44, 51-52, 59-60, 67-68, 76-78).

Finally, Senco's indirect infringement allegation in Count VII does not state sufficient facts to state a plausible claim. Instead, Senco provides only legal conclusions about its induced infringement claims (D.I. 1, ¶¶ 69-78) and alleges, without any factual support, that (i) "[u]pon information and belief, [Hitachi Koki] has actual and constructive notice of Senco's rights respecting the patented technology"; (ii) "[u]pon information and belief, [Hitachi Koki] Nailers are configured such that the owner/operators who utilize the Hitachi Nailers perform methods that infringe the Patents-in-Suit when using the Hitachi Nailers as directed by [Hitachi Koki]"; (iii) Hitachi Koki "sells the infringing Hitachi Nailers to third parties (including potential customers of Senco) knowing such third-parties will perform methods in violation of Senco's exclusive rights under the Patents-in-Suit"; and, (iv) Hitachi Koki has sold "products that are configured to perform methods that infringe the Patents-in-Suit." (D.I. 1, ¶¶ 71, 72, 76). Senco also does not allege that Hitachi Koki knew of the alleged infringement and that it was inducing third parties to infringe the Patents-in-Suit.

**ARGUMENT**

I.   **A PLEADING MUST ALLEGE ENOUGH FACTS TO STATE A PLAUSIBLE CLAIM**

Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see* Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require "detailed factual allegations," to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Courts evaluate the sufficiency of allegations in a complaint at the outset of the litigation because "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

To determine whether a pleading meets the requirements of Rule 8(a)(2), the court conducts a two-part analysis. First, the court identifies and disregards legal conclusions and factual allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal* at 679. The court must also disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678; *see Twombly*, 550 U.S. at 555 (stating that the "formulaic recitation of the elements of a cause of action will not do"). The court only accepts as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 678-79.

Second, the court must decide "whether [the well-pleaded facts] plausibly give rise to an entitlement to relief." *Id.* at 679. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. In determining whether a claim is plausible, the court must distinguish between allegations that are "merely consistent with" liability (in which case, the

5

claim "stops short of" being plausible) and allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Sufficient facts must be alleged to "nudge" "claims across the line from conceivable to plausible" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678. The court should not, however, "indulge unwarranted inferences in order to save a complaint from dismissal." *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064-65 (9th Cir. 2008).

After the recent amendments to the Federal Rules of Civil Procedure, which abrogated Rule 84 and Form 18, infringement claims must satisfy the plausibility standard of *Twombly* and *Iqbal* to survive a motion to dismiss. *RainDance Techs., Inc. v. 10X Genomics, Inc.*, C.A. No. 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016). Since the abrogation of Form 18, courts have recognized that a complaint should include a "coherent theory of which claims are allegedly infringed and how the accused products practice . . . each of those elements." *Atlas IP, LLC v. Exelon Corp.*, C.A. No. 15-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016).

A complaint which fails to plausibly allege that each element of an asserted claim is met should be dismissed. *See McRo, Inc. v. Rockstar Games, Inc.*, C.A. No. 12-1513-LPSCJB, 2014 WL 1051527, at *6 (D. Del. Mar. 17, 2014) (dismissing indirect infringement claims under *Twombly* and *Iqbal* because the "assertion of infringing use … [was] in reality little more than a rephrasing of a portion of the language of [the asserted claim]"); *see also Atlas IP LLC v. Pacific Gas & Elec. Co.*, C.A. No. 15-5469, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016) (dismissing direct infringement where the "complaint recite[d] only some of the elements of the sole asserted claim, and provide[d] only a threadbare description of the alleged abilities of the accused device"); *Macronix Int'l Co. v. Spansion, Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. Mar. 10, 2014) ("[T]he

6

[First Amended Complaint] simply alleges that each element of a cited claim is infringed and then parroted the claim language for each element. That simply does not satisfy the notice and showing requirements of Rule 8(a) as interpreted by *Twombly* and *Iqbal*.")

## II. SENCO'S ALLEGATIONS OF INFRINGEMENT OF THE WRONGLY RECITED CLAIMS SHOULD BE DISMISSED

Senco's infringement claims in Counts I, II, III, IV, V, and VII should be dismissed because they fail to provide a coherent theory of how the accused products practice each element of the Wrongly Recited Claims. *See McRo, Inc.* 2014 WL 1051527, at *6 (D. Del. Mar. 17, 2014). As shown below by way of example, Senco incorrectly recites the language in limitations (d) and (e) of claim 30 of the '547 patent by adding certain limitations (shown by double-underline) and omitting other limitations actually present in the claims (shown by strikethrough):

> (d) a main storage chamber that ~~substantially surrounds at least a portion of said cylinder and~~ is in fluidic communication with said displacement volume of the cylinder, wherein said main storage chamber and said displacement volume are initially charged with a pressurized gas~~, which is to be re-used for multiple fastener driving actuations~~; ~~and~~
>
> (e) a lifter member <u>that exhibits a discontinuous contact surface that, at predetermined locations along said discontinuous contact surface, makes contact with said at least one plurality of spaced-apart protrusions of said driver member such</u> that, under first predetermined conditions, ~~moves~~<u>said lifter member is moved in a first direction and thereby causes</u> said driver member <u>to be moved in a second direction</u> from its driven position toward its ready position~~, wherein when said driver member is at its ready position, said lifter member thereby holds said movable piston in a "stop" position that is located proximal to said first end of said hollow cylinder, while said movable piston is under a maximum pneumatic force of said pressurized gas~~;

(*See* D.I. 1-1, Ex. G at 3-4; Ex. A at 2-3). Here, for limitation (d), Senco's claim chart removes the requirement that the main storage chamber "substantially surrounds at least a portion of said cylinder" and that it be 're-used for multiple fastener driving actuations." With respect to limitation (e) Senco's claim chart not only adds the requirement that the lifter member "exhibits a discontinuous contact surface that, at predetermined locations along said discontinuous contact

7

surface, makes contact with said at least one plurality of spaced-apart protrusions of said driver member such that, under first predetermined conditions, said lifter member is moved in a first direction and thereby causes said driver member to be moved in a second direction," it completely omits the requirement that "when said driver member is at its ready position, said lifter member thereby holds said movable piston in a "stop" position that is located proximal to said first end of said hollow cylinder, while said movable piston is under a maximum pneumatic force of said pressurized gas."

As another example, Senco incorrectly recites the language in limitations (d) and (f) of claim 11 of the '296 patent by adding certain limitations (shown by double-underline) and omitting other limitations actually present in the claims (shown by strikethrough)

> (d) a lifter member ~~that~~which exhibits a contact surface that, at predetermined locations along said contact surface, makes contact with said ~~at least one~~ plurality of spaced-apart protrusions of said driver member such that, ~~if~~when said lifter member is moved in a first direction, it causes <u>a return stroke of an operating cycle and moves</u> said driver member ~~to be moved~~ from ~~said driven position toward said ready position~~<u>a driven position toward a ready position, and when said lifter member is moved to a holding position, it temporarily holds said driver member at said ready position by use of a holding contact between said lifter member and said driver member</u>; and

***

> (f) a housing that substantially contains said driver actuation device, said elongated driver member, said lifter member, and said main storage chamber~~;~~<u>, with no external energy source cable</u> and <u>no external hose.</u>

(D.I. 1-1, Ex. G at 11-12; Ex. A at 5). Language is similarly either added to or omitted from the other Wrongly Recited Claims in Senco's claim charts (*i.e.*, claim 32 of the '297 patent, claims 1, 10, and 16 of the '718 patent, and claim 16 of the '722 patent) as illustrated by Exhibit A, which shows language that was added to the claim (denoted by underline) and language that was omitted from the claim (denoted by strikethrough).

By using incorrect claim language, in many instances grossly incorrect, Senco has failed to put Hitachi Koki on fair notice how the accused products practice each element of the Wrongly Recited Claims, and Counts I, II, III, IV, V, and VII of the Complaint should be dismissed. *See McRo, Inc.* 2014 WL 1051527, at *6 (D. Del. Mar. 17, 2014); *see also Zoetis LLC v. Roadrunner Pharmacy, Inc.*, No. CV 15-3193, 2016 WL 755622, at *5 (D.N.J. Feb. 25, 2016) (dismissing direct infringement claims where plaintiff did not "connect the dots" between the patent and the accused product).

### III. SENCO'S WILLFULNESS ALLEGATIONS SHOULD BE DISMISSED

Senco fails to allege sufficient facts to support a plausible claim for willful infringement. The Supreme Court has articulated that a claim of willful infringement requires conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongfully, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Senco has failed to plead any facts to suggest the requisite egregious behavior to support a facially plausible claim of willful infringement. At best, Senco provides nothing more than the same generalized allegations for each of the Patents-in-Suit: "Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology" (D.I. 1 ¶¶ 27, 35, 43, 51, 59, 67, 76) and "Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law." (D.I. 1 ¶¶ 28, 36, 44, 52, 60, 68, 78).

Senco recites no facts that even remotely support an "egregious case of misconduct beyond typical infringement." *Halo*, 136 S. Ct. at 1935. Senco's threadbare statement that it believes Defendant has actual and constructive notice of Senco's rights respecting the patented technology" and "Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law" does not state facts supporting a claim for willful infringement. If

9

it could, every plaintiff could plead willful infringement and threaten recovery of up to treble damages with a mere allegation that the infringement was willful and in egregious disregard of the law. But such a bare allegation is insufficient to plead willful infringement and Senco's claim must fail as a matter of law. *See Iqbal*, 556 U.S. at 678 (stating that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient).

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, 2015 WL 7833206 (D. Del. Dec. 3, 2015), is particularly instructive. Similar to the allegations in Senco's Complaint, in *Mayne*, the plaintiff's willful infringement allegation recited "[u]pon information and belief, Defendants' infringement has been with knowledge of the [asserted] patent and has been willful." 2015 WL 7833206, at *5. The Court found that such a conclusory statement clearly falls short of the pleading requirements necessary to allege a claim for willful infringement. *Id.*; *see also Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d 435, 442 (D. Del. 2014) (dismissing willful infringement where even though plaintiff alleged defendant was aware of the asserted patent, the complaint "offered no factual information to establish 'awareness' or 'full knowledge' of the patents-in-suit, sufficient to evidence pre-suit knowledge of the patents-in-suit"). Here, Senco's willful infringement allegations provide no facts showing an "egregious case of misconduct beyond typical infringement", as required by *Halo*, 136 S. Ct. at 1935, and should therefore be dismissed.

### IV. SENCO'S INDUCED INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

Senco's Complaint fails to plead facts plausibly showing entitlement to relief for induced infringement. Instead, the Complaint provides no more than naked legal conclusions about induced infringement claims (D.I. 1, ¶¶ 69-78) and alleges, without any factual support, that (i) "[u]pon information and belief, [Hitachi Koki] has actual and constructive notice of Senco's rights

10

respecting the patented technology"; (ii) "[u]pon information and belief, [Hitachi Koki] Nailers are configured such that the owner/operators who utilize the Hitachi Nailers perform methods that infringe the Patents-in-Suit when using the Hitachi Nailers as directed by [Hitachi Koki]"; (iii) Hitachi Koki "sells the infringing Hitachi Nailers to third parties (including potential customers of Senco) knowing such third-parties will perform methods in violation of Senco's exclusive rights under the Patents-in-Suit"; and, (iv) Hitachi Koki has sold "products that are configured to perform methods that infringe the Patents-in-Suit." (D.I. 1, ¶¶ 71, 72, 76). But a claim of "inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). "To survive [Hitachi Koki's] motion to dismiss, therefore, [Senco's Complaint] must contain facts plausibly showing that [Hitachi Koki] specifically intended their customers to infringe the [Patents-in-Suit] and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339.

Nothing in Senco's Complaint plausibly shows that Hitachi Koki specifically intended that "owners/operators" or "third parties" infringe the Patents-in-Suit, or that Hitachi Koki knew the acts of such unspecified "owners/operators" or "third parties" constituted infringement. Senco's unsupported statement that Hitachi Koki knows that the accused products will perform methods allegedly infringing the Patents-in-Suit says nothing about how Hitachi Koki purportedly instructs and encourages users or whether such instruction demonstrates any knowledge of the Patents-in-Suit, let alone the specific intent to cause infringement and knowledge that Hitachi Koki's customers would commit infringement. *See, e.g. IP Communication Solutions, LLC v. Viber Media (USA) Inc.*, No. 16-cv-00134-GMS, 2017 WL1312942, *4 (D. Del. Apr. 5, 2017) (Sleet, J.)(dismissing induced patent infringement allegations where complaint failed to allege

11

how defendant provided technical support or detailed instructions promoting the use of the accused functionality in an infringing manner); *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-cv-1111-GMS, *1 fn. 5 (D. Del. Nov. 18, 2013) (Sleet, J.) ("Allegations that [defendant] knew of [plaintiff's] patents and of its customers' use of [defendant's] products do not suffice to establish that [defendant] also knew that its customers' use of [defendant's] own products would amount to infringement of [plaintiff's] patents."); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012) (plaintiff's "conclusory averments" that defendant "sell[s], advertis[es], suppl[ies] and instruct[s] its respective customers on the use of the infringing product" were insufficient to establish specific intent).[3]

This district has repeatedly rejected such conclusory, unsupported allegations. *See, e.g.*, *Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-cv-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (dismissing inducement claims where "[s]pecific intent [was] alleged generally," but "[n]o facts [were] alleged from which one could infer that the allegation [wa]s plausible"); *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, No. 10-666-SLR, 2011 WL 941197 at *3 (D. Del. Mar. 16, 2011) (plaintiff "fail[ed] to allege sufficient facts" and instead "resort[ed] to a mere recitation of the elements for indirect infringement, which is insufficient").

## **CONCLUSION**

For the foregoing reasons, Counts I, II, III, IV, V, and VII of Senco's Complaint and Senco's allegations of willful infringement should be dismissed.

---

[3] Indeed, while Senco alleges induced infringement of all of the Patents-in-Suit, the only claims Senco identifies as being infringed by inducement are claims 1, 10, and 16 of the '718 patent. (D.I. 1 ¶ 73). At a minimum, Senco's allegations of induced infringement as to the other Patents-in-Suit should be dismissed for failure to identify which claims are infringed by inducement.

12

|  |  |
|---|---|
| OF COUNSEL:<br><br>Paul Devinsky<br>McDermott Will & Emery LLP<br>The McDermott Building<br>500 North Capitol Street, N.W.<br>Washington, DC  20001<br>(202) 756-8000<br><br>Joseph H. Paquin, Jr.<br>Amol A. Parikh<br>McDermott Will & Emery LLP<br>444 West Lake Street<br>Chicago, IL  60606<br>(312) 372-2000<br><br>August 7, 2017 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Karen Jacobs*<br><br>_____<br>Karen Jacobs (#2881)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>kjacobs@mnat.com<br>*Attorneys for Hitachi Koki U.S.A., Ltd.* |

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 7, 2017, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan<br>Selena E. Molina<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff Senco Brands, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert S. Rigg<br>Timothy M. Nitsch<br>John K. Burke<br>VEDDER PRICE P.C.<br>222 N. LaSalle St., Suite 2600<br>Chicago, IL  60601<br>*Attorneys for Plaintiff Senco Brands, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)