**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SENCO BRANDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 17-598-GMS |
| | ) | |
| HITACHI KOKI U.S.A., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Senco Brands, Inc. ("Senco"), an Ohio corporation, by and through its attorneys, against Defendant Hitachi Koki U.S.A., Ltd. ("Defendant"), a Delaware corporation, states as its Complaint and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

**Parties**

1.     Senco is an Ohio corporation organized and existing under the laws of the state of Ohio.  Senco has a principal place of business at 4270 Ivy Pointe Blvd., Cincinnati, OH 45245.  Senco develops and manufactures innovative nailers, staplers, and fasteners for the commercial and residential markets.  Senco operates a website at www.senco.com.

2.     Upon information and belief, Defendant is a Delaware corporation with a principal place of business at 1111 Broadway Avenue, Braselton, GA 30517.

3.     Defendant conducts business in the United States and resides in this jurisdiction.

**Jurisdiction**

4.     This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## Venue

5.     Venue in this judicial district is proper under 28 U.S.C. § 1400(b) because Defendant resides in this district.  For the purposes of Section 1400(b), a domestic corporation resides in its state of incorporation.  *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16–341, slip op. at 1 (U.S. May 22, 2017).  Upon information and belief, Defendant is subject to personal jurisdiction in this Court because Defendant is a corporation incorporated under the laws of Delaware and therefore is a resident of this judicial district.  Defendant is therefore subject to the venue of this Court.

## SENCO'S RIGHTS

6.     Senco is the assignee of U.S. Patent Nos. 8,011,547 (the "'547 Patent"), 8,267,296 (the "'296 Patent"), 8,267,297 (the "'297 Patent"), 8,387,718 (the "'718 Patent"), 8,286,722 (the "'722 Patent") and 8,602,282 (the "'282 Patent") (collectively, the "Patents-in-Suit") and owns the entire right, title and interest in and to the Patents-in-Suit.

7.     The '547 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the U.S. Patent and Trademark Office (the "USPTO") on September 6, 2011.  The application which issued as the '547 Patent was filed on October 1, 2008 as U.S. Application No. 12/243,568.  A true and correct copy of the '547 Patent is attached hereto as <u>Exhibit A</u> and is incorporated by reference herein.

8.     The '547 Patent is valid and enforceable at least until 20 years from the date of filing, or around October 1, 2028, with patent term extensions not included.

9.     The '296 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the USPTO on September 18, 2012.  The application which issued as the '296 Patent was filed on October 9, 2011 as U.S. Application No. 13/205,867.  A true and correct copy of the '296 Patent is attached hereto as <u>Exhibit B</u> and is incorporated by reference herein.

RLF1 18048198v.1

10.     The '296 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

11.     The '718 Patent is titled *Method For Controlling a Fastener Driving Tool Using a Gas Spring* and was issued by the USPTO on March 5, 2013.  The application which issued as the '718 Patent was filed on October 27, 2010 as U.S. Application No. 12/913,049.  A true and correct copy of the '718 Patent is attached hereto as <u>Exhibit C</u> and is incorporated by reference herein.

12.     The '718 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

13.     The '297 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the USPTO on September 18, 2012.  The application which issued as the '297 Patent was filed on August 31, 2011 as U.S. Application No. 13/221,993.  A true and correct copy of the '297 Patent is attached hereto as <u>Exhibit D</u> and is incorporated by reference herein.

14.     The '297 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

15.     The '722 Patent is titled *Method For Controlling a Fastener Driving Tool Using a Gas Spring* and was issued by the USPTO on October 16, 2012.  The application which issued as the '722 Patent was filed on October 27, 2010 as U.S. Application No. 12/913,144.  A true and correct copy of the '722 Patent is attached hereto as <u>Exhibit E</u> and is incorporated by reference herein.

16.     The '722 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

17.     The '282 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the USPTO on December 10, 2013.  The application which issued as the '282 Patent was filed on February 13, 2013 as U.S. Application No. 13/770,481.  A true and correct copy of the '282 Patent is attached hereto as Exhibit F and is incorporated by reference herein.

18.     The '282 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

19.     Senco offers multiple products directly to large customers, third-party retailers, and distributors.  Senco also markets its products through its website.  Its products are also sold online by some web retailers and customers.  These products offered for sale to customers are covered by or relate in whole or in part to the Patents-in-Suit.  The Patents-in-Suit contain claims directed to a fastener driving tool that uses a gas spring.

20.     In particular, Senco has created and currently sells a line of finish nailers under the brand name Fusion.  The Patented Fusion product line of nailers incorporates the elements of the Patents-in-Suit.

21.     On or around July 2013, Hitachi's professional line of nailer products were sold in Lowes stores directly competing with Senco's professional nailer products sold by Lowes.

22.     As early as January 2015, Senco was selling the Patented Fusion nailer through Lowes locations and Hitachi was selling cordless nailer products but was not selling Hitachi's model numbers NT1865DMA, NT1865DM and NT1850DE (the "Infringing  Hitachi Nailers")

via Lowes.  The Lowe's advertisements on its website listed the Fusion Product as being Patented and at least one Hitachi cordless nailer products were listed adjacent to the Fusion Product in the ad.  *See* Exhibit G.

23.     Because of the proximity of Hitachi's products to Senco Products on Lowes' web page, which clearly states the Senco product is patented, and because Hitachi and Senco both sold competing products, it is clear that Hitachi had knowledge of Senco's patents for the Patented Fusion nailer.

24.     On information and belief, in late 2016, Hitachi presented Lowes with the Infringing Hitachi Nailers that were designed to be substantially similar to the Patented Fusion nailers.  On information and belief, Defendant approached Lowes and offered to replace the Senco Patented Fusion product nailer with the infringing Hitachi Nailers. In late 2016, Lowes replaced the Senco Patented Fusion nailer with the Infringing Hitachi Nailers in Lowes' nailer offering.

25.     In late 2016, Hitachi began selling  the infringing Hitachi Nailers through Lowes with full knowledge of Senco's patents related to Senco's Patented Fusion nailers and with full knowledge that they had replaced the Senco's Patented Fusion product nailer.

26.     Hitachi's intentional and substantial copying of the Senco Patented Fusion nailer with knowledge of the fact that the Senco Patented Fusion nailer was patented and with knowledge that the Infringing Hitachi Nailers would replace the Patented Fusion nailer in Lowes was egregious and willful.

## COUNT I

### Direct Patent Infringement of U.S. Patent No. 8,011,547
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

27.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 27.

28.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

29.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE.

30.     Upon information and belief, the Infringing Hitachi Nailers infringe at least claim 30 of the '547 Patent, as shown in claim charts attached hereto as Exhibit H.  The Infringing Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

31.     Defendant is a direct competitor of Senco, as both parties offer competitive nailers in the tool industry.

32.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

RLF1 18048198v.1

33.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

34.     Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

### COUNT II

### Direct Patent Infringement of U.S. Patent No. 8,267,296
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

35.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 35.

36.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

37.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE.

38.     Upon information and belief, the Infringing Hitachi Nailers infringe at least claims 1 and 11 of the '296 Patent, as shown in claim charts attached as Exhibit H.  The Infringing Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

39.     Defendant is a direct competitor of Senco, as both parties offer competitive nailers in the tool industry.

40.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from

receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

41.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

42.     Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

### COUNT III

### Direct Patent Infringement of U.S. Patent No. 8,267,297
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

43.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 43.

44.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

45.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE (the "Infringing Hitachi Nailers").

46.     Upon information and belief, the Infringing Hitachi Nailers infringe at least claims 1, 30, and 32 of the '297 Patent, as shown in claim charts attached as Exhibit H.  The Infringing Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

47.     Defendant is a direct competitor of Senco, as both parties offer competitive nailers in the tool industry.

48.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

49.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

50.     Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

## COUNT IV

### Direct Patent Infringement of U.S. Patent No. 8,387,718
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

51.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in Paragraph 51.

52.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

53.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE (the "Infringing Hitachi Nailers").

54.     Upon information and belief, the Infringing Hitachi Nailers infringe at least claims 1, 10, and 16 of the '718 Patent, as shown in claim charts attached as <u>Exhibit H</u>. The Infringing Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

55.     Defendant is a direct competitors of Senco, as both parties offer competitive nailers in the tool industry.

56.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

57.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

58.     Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

## COUNT V

### Direct Patent Infringement of U.S. Patent No. 8,286,722<br>Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

59.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 59.

60.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

61.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE (the "Infringing Hitachi Nailers").

62.     Upon information and belief, the Infringing Hitachi Nailers infringe at least claims 1 and 16 of the '722 Patent, as shown in claim charts attached as <u>Exhibit H</u>.  The Infringing Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

63.     Defendant is a direct competitor of Senco, as both parties offer competitive nailers in the tool industry.

64.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

65.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

66.     Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

## COUNT VI

### Direct Patent Infringement of U.S. Patent Nos. 8,602,282 Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

67.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 67.

68.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

69.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE (the "Infringing Hitachi Nailers").

70.     Upon information and belief, the Infringing Hitachi Nailers infringe at least claim 1 of the '282 Patent, as shown in claim charts attached as <u>Exhibit H</u>.  The Infringing Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

71.     Defendant is a direct competitor of Senco, as both parties offer competitive nailers in the tool industry.

72.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

73.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

74.     Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

## COUNT VII

### Induced Patent Infringement of U.S. Patent No. 8,387,718
### Pursuant to § 271(b) of the Patent Act (35 U.S.C. § 271(b))

75.  Senco adopts, restates and re-alleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 75.

76.  Section 271(b) of the Patent Act (35 U.S.C. § 271(b)) provides, in relevant part:

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

77.  Upon information and belief, Defendant's Infringing Hitachi Nailers are configured such that owner/operators who utilize the Infringing Hitachi Nailers perform methods that infringe the Patents-in-Suit when using the Infringing Hitachi Nailers as directed by Defendant.  *See* Exhibit H.  Defendant sells the infringing  Hitachi Nailers to third parties (including potential customers of Senco) knowing that such third parties will perform methods in violation of Senco's exclusive rights under the Patents-in-Suit.  Defendant's actions have caused great loss, as well as immediate and irreparable injury, to Senco via indirect, induced infringement by providing an instrument to a third party to enable such third party to perform methods that infringe the Patents-in-Suit.

78.  Specifically, Hitachi sells the Infringing Hitachi Nailers with user manuals that describe how to use of the Infringing Hitachi Nailers.  Exhibit I.  These manuals are provided to end users in the packaging of the Infringing Hitachi Nailers.  User's performing the steps detailed in the manual would infringe at least claims 1, 10, and 16 of the '718 patent.  *See* Exhibit H.

79.  Defendant has sold or offered to sell, and continues to sell or offer to sell, into the United States, products that are configured to perform methods that infringe the Patents-in-Suit for Defendant's own benefit, including regular sales and/or offers to sell products using the

13

infringing methods within this judicial district, in direct violation of Senco's exclusive rights under the Patents-in-Suit.

80.     The Infringing Hitachi Nailers, and accompanying manual, enable Defendant's customers to perform methods that infringe at least claims 1, 10, and 16 of the '718 Patent, resulting in induced or vicarious infringement of these claims.

81.     Upon information and belief, a portion of Defendant's business model is built on the sale of its Infringing Hitachi Nailers, and Defendant's profits are generated at least in part from the aforesaid infringement of the Patents-in-Suit.  In at least the field of providing nailers, Senco and Defendant are direct or indirect competitors offering alternative nailers to the same customers, and therefore sales by Defendant directly damage the actual or potential sales of Senco.

82.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

83.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

84.     Upon information and belief, Defendant knew or should have known that the importation, distribution and/or sale of Defendant's Infringing Hitachi Nailers would induce actual (i.e., direct) infringement of the Patents-in-Suit.

85.     Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

## PRAYER FOR RELIEF

WHEREFORE, Senco prays that this Court:

(a)     adjudge and decree that Defendant has directly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

(b)     adjudge and decree that Defendant has induced infringement of the Patents-in-Suit in violation of 35 U.S.C. § 271(b);

(c)     preliminarily and permanently enjoin, by reason of said acts of infringement and pursuant to 35 U.S.C. § 283, Defendant, its representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, or using or causing to be used any product in accordance with or embodying any invention(s) or methods set forth and claimed in the Patents-in-Suit, including but not limited to the Infringing Hitachi Nailers and any infringing work product generated therewith;

(d)     order Defendant to pay to Senco its damages pursuant to 35 U.S.C. § 284 as a result of Defendant's acts of infringement;

(e)     order a trebling of all damages awarded to Senco pursuant to 35 U.S.C. § 284;

(f)     order that Senco recover prejudgment interest from Defendant pursuant to 35 U.S.C. § 284 on damages awarded to Senco;

(g)     adjudge that the case is exceptional and award Senco its attorneys' fees pursuant to 35 U.S.C. § 285; and

(h)     order that Senco recover all other costs and disbursements that may be incurred by Senco in this action.

15

## JURY TRIAL DEMAND

Senco hereby demands a trial by jury on all triable issues.


          /s/   Kelly E. Farnan

| | |
|---|---|
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| Robert S. Rigg | farnan@rlf.com |
| Timothy M. Nitsch | Selena E. Molina (#5936) |
| John K. Burke | molina@rlf.com |
| VEDDER PRICE P.C. | RICHARDS, LAYTON & FINGER, P.A. |
| 222 N. LaSalle St., Suite 2600 | One Rodney Square |
| Chicago, Illinois  60601 | 920 North King Street |
| Telephone:  (312) 609-7500 | Wilmington, DE  19801 |
| Fax:  (312) 609-5005 | Tel:  (302) 651-7705 |
| rrigg@vedderprice.com | |
| tnitsch@vedderprice.com | *Attorneys for Plaintiff* |
| jburke@vedderprice.com | |

Dated:  August 28, 2017

RLF1 18048198v.1