IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENCO BRANDS, INC., an Ohio corporation, | ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | )    C.A. No. 17-598 (GMS) <br> ) |
| HITACHI KOKI U.S.A., LTD., a Delaware corporation, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

**DEFENDANT HITACHI KOKI'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

 

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
*Attorneys for Hitachi Koki U.S.A., Ltd.*

OF COUNSEL:

Paul Devinsky
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000

Joseph H. Paquin, Jr.
Amol A. Parikh
McDermott Will & Emery LLP
444 West Lake Street
Chicago, Illinois 60606
(312) 372-2000

September 11, 2017

**TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ................................................................................1
SUMMARY OF THE ARGUMENT ............................................................................................. 2
STATEMENT OF FACTS ............................................................................................................ 3
ARGUMENT ................................................................................................................................. 4
    I.        A Pleading Must Allege Enough Facts To State A Plausible Claim ............................... 4
    II.       Senco's Willfulness Allegations Should Be Dismissed ..................................................... 6
    III.      Senco's Induced Infringement Allegations Should Be Dismissed .................................. 8
CONCLUSION ............................................................................................................................ 11

i

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 4, 5, 6, 8

*Atlas IP LLC v. Pacific Gas & Elec. Co.*,
  C.A. No. 15-5469, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ............................................. 6

*Atlas IP, LLC v. Exelon Corp.*,
  C.A. No. 15-10746, 2016 WL 2866134 (N.D. Ill. May 17, 2016) ........................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 4, 5, 6, 8

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
  No. 12-cv-1111-GMS (D. Del. Nov. 18, 2013) ........................................................................ 9

*Cipla Ltd. v. Sunovion Pharms. Inc.*,
  C.A. No. 15-424-LPS, 2016 WL 1253532 (D. Del. Mar. 30, 2016) ...................................... 11

*Circuit City Stores, Inc. v. Citgo Petroleum Corp.*,
  No. 92CV-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ................................................... 2

*Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*,
  73 F. Supp. 3d 435 (D. Del. 2014) ....................................................................................... 2, 8

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ................................................................................................ 8

*Godlewski v. Affiliated Computer Servs., Inc.*,
  210 F.R.D. 571 (E.D. Va. 2002) ............................................................................................... 1

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) ........................................................................................................ 6, 8

*Holmes v. Gates*,
  403 F. App'x 670 (3d Cir. 2010) ............................................................................................. 1

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
  434 F. Supp. 2d 598 (N.D. Iowa 2006) .................................................................................... 1

*In re Bill of Lading*,
  681 F.3d at 1339 ....................................................................................................................... 8

*IP Communication Solutions, LLC v. Viber Media (USA) Inc.*,
  No. 16-cv-00134-GMS, 2017 WL1312942 (D. Del. Apr. 5, 2017) ....................................... 10

*Macronix Int'l Co. v. Spansion, Inc.*,
  4 F. Supp. 3d 797 (E.D. Va. Mar. 10, 2014) ............................................................................ 6

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
  C.A. No. 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) ............................... 2, 8

*McRo, Inc. v. Rockstar Games, Inc.*,
  C.A. No. 12-1513-LPSCJB, 2014 WL 1051527 (D. Del. Mar. 17, 2014) ............................... 6

# TABLE OF AUTHORITIES CONT'D

*Metzler Inv. GmbH v. Corinthian Colleges, Inc.*,
  540 F.3d 1049 (9th Cir. 2008) .................................................................................... 5

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
  No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) ................................... 10

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012) ..................................................................... 7, 10

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
  No. 12-cv-92-RGA, 2012 WL 2700495 (D. Del. July 5, 2012) .............................. 10

*RainDance Techs., Inc. v. 10X Genomics, Inc.*,
  C.A. No. 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016) ............................ 5

*Softview LLC v. Apple Inc.*,
  No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ................................... 9

*Spigen Korea Co., Ltd. v. Ultraproof Inc., et al.*,
  Case No. 17-cv-1161-DOC at 3-4 (C.D. Cal. July 24, 2017) ................................ 2, 7

*Straight Path IP Group, Inc. v. Vonage Holdings Corp.*,
  C.A. 14-cv-502-JLL, 2014 WL 3345618 (D. N.J. July 7, 2014) ............................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 4, 6

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Senco Brands, Inc. ("Senco") filed its original complaint against Defendant Hitachi Koki U.S.A., Ltd. ("Hitachi Koki") on May 23, 2017 alleging infringement of U.S. Patent Nos. 8,011,547 (the "'547 patent"), 8,267,296 (the "'296 patent"), 8,267,297 (the "'297 patent"), 8,387,718 (the "'718 patent"), 8,286,722 (the "'722 patent"), and 8,602,282 (the "'282 patent") (collectively the "Patents-in-Suit"). (D.I. 1, "Original Complaint"). Hitachi Koki filed a motion to partially dismiss the Original Complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted. (D.I. 8).

Rather than responding to the motion to dismiss, Senco filed its First Amended Complaint against Hitachi Koki on August 28, 2017. (D.I. 12, "Amended Complaint"). The Amended Complaint, however, does not cure all of the defects identified in Hitachi Koki's motion to dismiss the Original Complaint, and instead, repleads some of the same deficient allegations.  Because Senco already availed itself of the opportunity to cure its pleading defects, but failed to do so, the allegations of willful infringement and induced infringement in the Amended Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted. *See Holmes v. Gates*, 403 F. App'x 670, 674 (3d Cir.2010) (dismissing complaint with prejudice where plaintiff had multiple opportunities to include necessary facts in the complaint but failed to do so); *Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, C.A. 14-cv-502-JLL, 2014 WL 3345618. *3, fn. 2 (D. N.J. July 7, 2014). This is Hitachi Koki's opening brief in support of that motion.[1]

---

[1] A motion to dismiss that only addresses part of a complaint suspends the time for Hitachi Koki to answer or otherwise respond to the remaining allegations in the Complaint. *See, e.g., Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Servs., Inc.,* 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority

## SUMMARY OF THE ARGUMENT

Senco's claims of willful infringement should be dismissed because the Amended Complaint fails to allege sufficient facts to state a plausible claim that Hitachi Koki had knowledge of the Patents-in-Suit, let alone knowledge that it was infringing the Patents-in-Suit. The Amended Complaint simply alleges that Hitachi Koki had "notice of Senco's rights respecting the patented technology" by virtue of a webpage product list created by a third-party that does not even identify any of the Patents-in-Suit and then further, in conclusory fashion, asserts that Hitachi Koki's "infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law." (D.I. 12 ¶¶ 21-26, 33-34, 41-42, 49-50, 57-58, 65-66, 73-74, 83-85). Failure to plead knowledge of the specific asserted patents and infringement of the same is fatal to a willfulness claims. *Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d 435, 442 (D. Del. 2014); *Spigen Korea Co., Ltd. v. Ultraproof Inc., et al.*, Case No. 17-cv-1161-DOC, at 3-4 (C.D. Cal. July 24, 2017) (Exhibit A). In addition, a plaintiff cannot rely on conclusory allegations to state a claim for willful infringement. *See Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, C.A. No. 15-438-LPS-CJB, 2015 WL 7833206, at *5 (D. Del. Dec. 3, 2015).

Senco's allegations of induced infringement should also be dismissed for similar reasons.[2] (D.I. 12, ¶¶69-78). Senco cannot and does not allege how Hitachi Koki could have induced its customers to infringe where there is no allegation that Hitachi Koki had any notice of

---

of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, No. 92CV-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("[A] partial 12(b) motion enlarges the time to file an answer.").

[2]   The title of Count VII references only the '718 patent, but the paragraphs in the Count and the Prayer for Relief containing allegations relating to inducement are directed to the Patents-in-Suit and not just the '718 patent. (D.I. 12 ¶¶ 77, 79, 81-85, Prayer for Relief (b)).

the Patents-in-Suit, let alone knowledge and intent that its customers would infringe those patents.

## STATEMENT OF FACTS

Hitachi Koki offers an extensive line of professional and do-it-yourself grade power tools and accessories for woodworking, metalworking, drilling, and outdoor power equipment. In its Amended Complaint, Senco alleges that Hitachi Koki directly infringes the Patents-in-Suit by having "created, used, sold, offered to sell, and imported nailers." (D.I. 12 ¶¶ 29, 37, 45, 53, 61, 69). Senco also alleges Hitachi Koki induces infringement of the '718 Patent by having "sold or offered to sell, and [continuing] to sell or offer to sell, into the United States, products that are configured to perform methods that infringe the Patents-in-Suit." (*Id*. at ¶ 79). Senco further alleges that Hitachi Koki's direct and induced infringement has been willful. (*Id*. at ¶¶ 33-34, 41-42, 49-50, 57-58, 65-66, 73-74, 83-85).

The Amended Complaint, however, does not allege that Hitachi Koki had any notice of the Patents-in-Suit. Instead, it alleges only that Hitachi Koki had notice of "Senco's rights respecting the patented technology," purportedly by virtue of a third-party product list that does not identify any of the Patents-in-Suit, and that the "infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law." (D.I. 12 ¶¶ 21-26, 33-34, 41-42, 49-50, 57-58, 65-66, 73-74, 83-85).

Senco likewise provides only legal conclusions about its induced infringement claims. (D.I. 12, ¶¶ 75-85) It alleges, without any factual support, that (i) "[u]pon information and belief, [Hitachi Koki] has actual and constructive notice of Senco's rights respecting the patented technology"; (ii) "[u]pon information and belief, [Hitachi Koki] Nailers are configured such that the owner/operators who utilize the Infringing Hitachi Nailers perform methods that infringe the Patents-in-Suit when using the Infringing Hitachi Nailers as directed by [Hitachi Koki]"; (iii)

Hitachi Koki "sells the Infringing Hitachi Nailers with user manuals that describe how to use the Infringing Hitachi Nailers"; and (iv) Hitachi Koki has sold "products that are configured to perform methods that infringe the Patents-in-Suit." (D.I. 12, ¶¶ 77, 78, 83). However, Senco does not allege any facts that state a plausible claim that Hitachi Koki specifically intended for its customers to infringe the Patents-in-Suit and knew that their acts would constitute infringement.

## ARGUMENT

### I. A PLEADING MUST ALLEGE ENOUGH FACTS TO STATE A PLAUSIBLE CLAIM

Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see* Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require "detailed factual allegations," to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Courts evaluate the sufficiency of allegations in a complaint at the outset of the litigation because "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

To determine whether a pleading meets the requirements of Rule 8(a)(2), the court conducts a two-part analysis. First, the court identifies and disregards legal conclusions and factual allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal* at 679. The court must also disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678; *see*

*Twombly*, 550 U.S. at 555 (stating that the "formulaic recitation of the elements of a cause of action will not do"). The court only accepts as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 678-79.

Second, the court must decide "whether [the well-pleaded facts] plausibly give rise to an entitlement to relief." *Id*. at 679. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. In determining whether a claim is plausible, the court must distinguish between allegations that are "merely consistent with" liability (in which case, the claim "stops short of" being plausible) and allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Sufficient facts must be alleged to "nudge" "claims across the line from conceivable to plausible" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678. The court should not, however, "indulge unwarranted inferences in order to save a complaint from dismissal." *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064-65 (9th Cir. 2008).

After the recent amendments to the Federal Rules of Civil Procedure, which abrogated Rule 84 and Form 18, infringement claims must satisfy the plausibility standard of *Twombly* and *Iqbal* to survive a motion to dismiss. *RainDance Techs., Inc. v. 10X Genomics, Inc.*, C.A. No. 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016). Since the abrogation of Form 18, courts have recognized that a complaint should include a "coherent theory of which claims are allegedly infringed and how the accused products practice . . . each of those elements." *Atlas IP, LLC v. Exelon Corp.*, C.A. No. 15-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016)

A complaint which fails to plausibly allege that each element of an asserted claim is met should be dismissed. *See McRo, Inc. v. Rockstar Games, Inc.*, C.A. No. 12-1513-LPSCJB, 2014

WL 1051527, at *6 (D. Del. Mar. 17, 2014) (dismissing indirect infringement claims under *Twombly* and *Iqbal* because the "assertion of infringing use … [was] in reality little more than a rephrasing of a portion of the language of [the asserted claim]"); *see also Atlas IP LLC v. Pacific Gas & Elec. Co.*, C.A. No. 15-5469, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016) (dismissing direct infringement where the "complaint recite[d] only some of the elements of the sole asserted claim, and provide[d] only a threadbare description of the alleged abilities of the accused device"); *Macronix Int'l Co. v. Spansion, Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. Mar. 10, 2014) ("[T]he [First Amended Complaint] simply alleges that each element of a cited claim is infringed and then parroted the claim language for each element. That simply does not satisfy the notice and showing requirements of Rule 8(a) as interpreted by *Twombly* and *Iqbal*.")

## II.   SENCO'S WILLFULNESS ALLEGATIONS SHOULD BE DISMISSED

Senco fails to allege sufficient facts to support a plausible claim for willful infringement. The Supreme Court has held that a claim of willful infringement requires conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongfully, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Senco has failed to plead any facts to suggest the requisite "egregious case of misconduct beyond typical infringement" to support a facially plausible claim of willful infringement. *Id*. at 1935.

Senco does not even allege that Hitachi Koki was aware of any of the Patents-in-Suit prior to the filing of this lawsuit. Instead, Senco appears to generally allege that Hitachi Koki must have had knowledge of the Patents-in-Suit because (i) Hitachi Koki's products compete with Senco's products at Lowes; (ii) certain Hitachi Koki products not accused of infringement were listed near Senco's products on Lowe's webpage; and (iii) Lowe's website states that a feature of Senco's product is patented, despite that no patent number is listed on Lowes' product list. (D.I. 12 ¶¶ 22-26, D.I. 12-1, Exhibit G). Senco's apparent theory – although it is less than

6

clear from the face of the Amended Complaint – is that because Lowes, a third party, listed Senco's **product** on a webpage purportedly in existence on June 5, 2015, Hitachi Koki must have known about each of the **Patents-in-Suit** and its alleged infringement of them.[3] Senco does not even allege that Hitachi Koki even saw Lowes' advertisement. But even if it had made that allegation, the advertisement does not identify any specific patents, let alone that the Patents-in-Suit are associated with the listed Senco products. This type of cursory allegation does not provide the requisite knowledge necessary to allege willful infringement. *See* Ex. A, *Spigen Korea Co., Ltd. v. Ultraproof Inc., et al.*, Case No. 17-cv-1161-DOC, at 3-4 (C.D. Cal. July 24, 2017) (dismissing willful infringement claim where plaintiff (i) did not demonstrate defendants knew of plaintiff's product listed on a third-party advertisement and (ii) did not identify on the advertisement which of plaintiff's patents were associated with plaintiff's products); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) (finding allegation that a defendant should have been aware of its competitor's litigation activities to be "too tenuous even at the pleading stage" to state a claim for willful or induced infringement).

As to each of the specific Counts, Senco provides nothing more than the same generalized allegations for each of the Patents-in-Suit: "Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology" (D.I. 12 ¶¶ 33, 41, 49, 57, 65, 73, 83) and "Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law." (D.I. 12 ¶¶ 34, 42, 50, 58, 66, 74, 85). These threadbare statements do not allege any facts that could support a plausible claim for willful infringement. If it could, every plaintiff could plead willful infringement and threaten recovery of up to treble damages with a mere allegation that the

---

[3] In total, the product list identified twenty-five nailers from eight different manufacturers. Of these twenty-five nailers, only two list Senco as the manufacturer. (D.I. 12-1, Exhibit G).

infringement was willful and in egregious disregard of the law. But such a bare allegation is insufficient and Senco's claim of willful infringement should fail as a matter of law. *See Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient).

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, 2015 WL 7833206 (D. Del. Dec. 3, 2015), is particularly instructive. Similar to the allegations in Senco's Complaint, the plaintiff in *Mayne* alleged that "[u]pon information and belief, Defendants' infringement has been with knowledge of the [asserted] patent and has been willful." 2015 WL 7833206, at *5. The Court found that such a conclusory statement falls short of the pleading requirements necessary to allege a claim for willful infringement. *Id.*; *see also Courtesy Products,* 73 F. Supp. 3d at 442 (dismissing willful infringement where even though plaintiff alleged defendant was aware of the asserted patent, the complaint "offered no factual information to establish 'awareness' or 'full knowledge' of the patents-in-suit"). Here, Senco's willful infringement allegations provide no facts showing an "egregious case of misconduct beyond typical infringement", as required by *Halo*, 136 S. Ct. at 1935, and should therefore be dismissed.

### III.   SENCO'S INDUCED INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

The Amended Complaint also fails to satisfy *Twombly* and *Iqbal* for its induced infringement claims. A claim of "inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). "To survive [Hitachi Koki's] motion to dismiss, therefore, [Senco's Complaint] must contain facts plausibly showing that [Hitachi Koki] specifically intended [its] customers to infringe the [Patents-in-Suit] and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339.

As set forth above, Senco does not even adequately allege facts that Hitachi Koki had actual notice of the Patents-in-Suit, let alone an intent to induce infringement of them. *See also Softview LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, *6 (D. Del. July 26, 2012) (finding allegations of "media publicity," *i.e.*, articles on third-party news websites concerning the patent as a result of a lawsuit with other parties, to be insufficient to allege knowledge).

Instead, Senco merely alleges with no factual support, that (i) "[u]pon information and belief, [Hitachi Koki] has actual and constructive notice of Senco's rights respecting the patented technology"; (ii) "[u]pon information and belief, [Hitachi Koki] Nailers are configured such that the owner/operators who utilize the Infringing Hitachi Nailers perform methods that infringe the Patents-in-Suit when using the Hitachi Nailers as directed by [Hitachi Koki]"; (iii) Hitachi Koki "sells the infringing Hitachi Nailers with user manuals that describe how to use the Infringing Hitachi Nailers"; and (iv) Hitachi Koki has sold "products that are configured to perform methods that infringe the Patents-in-Suit." (D.I. 12, ¶¶ 77, 78, 83).

Nothing in Senco's Complaint plausibly shows that Hitachi Koki specifically intended that "owners/operators" or "third parties" infringe the Patents-in-Suit, or that Hitachi Koki knew the acts of such unspecified "owners/operators" or "third parties" constituted infringement. Senco's unsupported statement that Hitachi Koki knows that the accused products will perform methods allegedly infringing the Patents-in-Suit says nothing about how Hitachi Koki purportedly instructs and encourages users or whether such instruction demonstrates any knowledge of the Patents-in-Suit, let alone the specific intent to cause infringement and knowledge that Hitachi Koki's customers would commit infringement. *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-cv-1111-GMS, *1 fn. 5 (D. Del. Nov. 18, 2013) (Sleet, J.) ("Allegations that [defendant] knew of [plaintiff's] patents and of its customers'

9

use of [defendant's] products do not suffice to establish that [defendant] also knew that its customers' use of [defendant's] own products would amount to infringement of [plaintiff's] patents."); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012) (plaintiff's "conclusory averments" that defendant "sell[s], advertis[es], suppl[ies] and instruct[s] its respective customers on the use of the infringing product" were insufficient to establish specific intent).[4]

This district has repeatedly rejected such conclusory and unsupported allegations. *See, e.g.*, *Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-cv-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (dismissing inducement claims where "[s]pecific intent [was] alleged generally," but "[n]o facts [were] alleged from which one could infer that the allegation [wa]s plausible"); *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, No. 10-666-SLR, 2011 WL 941197 at *3 (D. Del. Mar. 16, 2011) (plaintiff "fail[ed] to allege sufficient facts" and instead "resort[ed] to a mere recitation of the elements for indirect infringement, which is insufficient").

Senco's reliance on user manuals that generally describe how to operate Hitachi Koki's products also is not sufficient to state a claim for induced infringement. Nowhere does Senco allege or explain how the manual demonstrates a specific intent to encourage third-parties to infringe the Patents-in-Suit or encourages users to use the product in an infringing manner. *See, e.g. IP Communication Solutions, LLC v. Viber Media (USA) Inc.*, No. 16-cv-00134-GMS, 2017 WL1312942, *4 (D. Del. Apr. 5, 2017) (Sleet, J.)(dismissing induced patent infringement

---

[4] Indeed, while Senco alleges induced infringement of all of the Patents-in-Suit, the only claims Senco identifies as being infringed by inducement are claims 1, 10, and 16 of the '718 patent. (D.I. 12 ¶ 80). At a minimum, Senco's allegations of induced infringement as to the other Patents-in-Suit should be dismissed for failure to identify which claims are infringed by inducement.

allegations where complaint failed to allege how defendant provided technical support or detailed instructions promoting the use of the accused functionality in an infringing manner); *cf. Cipla Ltd. v. Sunovion Pharms. Inc.*, C.A. No. 15-424-LPS, 2016 WL 1253532 at *2 (D. Del. Mar. 30, 2016) (finding induced infringement sufficiently pled only when allegations are focused on exactly how consumers can use the product at issue in a manner that allegedly infringes the patent-in-suit). As a result, Senco's claims of induced infringement should be dismissed.

## CONCLUSION

For the foregoing reasons, Count VII of Senco's Complaint and Senco's allegations of willful infringement should be dismissed with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
*Attorneys for Hitachi Koki U.S.A., Ltd.*

OF COUNSEL:

Paul Devinsky
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Joseph H. Paquin, Jr.
Amol A. Parikh
McDermott Will & Emery LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

September 11, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 11, 2017, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan<br>Selena E. Molina<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff Senco Brands, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert S. Rigg<br>Timothy M. Nitsch<br>John K. Burke<br>VEDDER PRICE P.C.<br>222 N. LaSalle St., Suite 2600<br>Chicago, IL  60601<br>*Attorneys for Plaintiff Senco Brands, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)