## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENCO BRANDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 17-598-GMS |
| | ) | |
| HITACHI KOKI U.S.A., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
## DEFENDANT HITACHI KOKI'S RULE 12(b)(6) MOTION
## TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

OF COUNSEL:
Robert S. Rigg
Timothy M. Nitsch
John K. Burke
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2500
Chicago, IL 60601
Tel: (312) 609-7500
rrigg@vedderprice.com
tnitsch@vedderprice.com
jburke@vedderprice.com

Dated: September 25, 2017

Kelly E. Farnan (#4395)
farnan@rlf.com
Selena E. Molina (#5936)
molina@rlf.com
RICHARDS, LAYTON &FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7705
*Attorneys for Plaintiff Senco Brands, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES……………............................................................................................ii

I.     NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

II.    SUMMARY OF THE ARGUMENT ............................................................................ 1

III.   STATEMENT OF FACTS ............................................................................................ 2

IV.    ARGUMENT ................................................................................................................. 4

    1.     Senco has plausibly alleged willful infringement ................................................. 5

        a.     Hitachi Koki has knowledge of the Patents-in-Suit post-suit ................... 5

        b.     Senco has plausibly pled that Hitachi Koki had pre-suit knowledge of the Patents-in-Suit ................................................................................... 6

        c.     Senco has pled facts establishing Hitachi Koki's conduct as egregious ..................................................................................................... 8

    2.     Senco has plausibly alleged induced infringement ............................................... 8

    3.     If the Court grants the Motion, Senco should be granted leave to file an amended pleading ................................................................................................. 9

V.     CONCLUSION ............................................................................................................ 11

RLF1 18181329v.1

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
    C.A. No. 12-00630-LHK, 2017 WL 2720220, at *11 (N.D. Cal. Jun. 23, 2017).....................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................4, 5

*AstraZeneca LP v. Apotex, Inc.*,
    633 F.3d 1042 (Fed. Cir. 2010)................................................................................................9

*Bayer Healthcare, LLC v. Baxalta Incorporated*,
    C.A. No. 16-1122-RGA (D. Del. Aug. 10, 2017) (ORDER)............................................2, 5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................4

*Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*,
    C.A. No. 16-358-RGA, 2017 WL 438733 (D. Del. Feb. 1, 2017) ...........................................5

*Buck v. Hampton Twp. Sch. Dist.*,
    452 F.3d 256 (3d Cir. 2006).......................................................................................................2

*In re Burlington Coat Factory Secs. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)....................................................................................................10

*Campbell v. Sedgwick Detert, Moran & Arnold*,
    C.A. No. 11-642-ES-SCM, 2013 WL 1314429 (D.N.J. Mar. 28, 2013) ................................10

*Cipla Ltd. v. Sunovion Pharmaceuticals Inc.*,
    174 F. Supp. 3d 869 (D. Del. 2016).......................................................................................7, 8

*DermaFocus LLC v. Ulthera, Inc.*,
    201 F. Supp. 3d 465 (D. Del. 2016)....................................................................................4, 5, 6

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990)......................................................................................................10

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
    100 F. Supp. 3d 357 (D. Del. 2015)...........................................................................................2

*Foman v. Davis*,
    371 U.S.178, 182 (1962)...........................................................................................................10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)...........................................................................................................5, 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Holmes v. Gates*,
  C.A. No. 1:08-CV-2152, 2010 WL 956412 (M.D. Pa. Mar. 11, 2010) ................................... 11

*Holmes v. Gates*
  403 F. App'x 670 (3d Cir. 2010) ........................................................................................ 10

*Johnson v. City of Shelby*,
  135 S. Ct. 346 (2014) ........................................................................................................... 4

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ........................................................................................... 9

*Oneida Motor Freight, Inc. v. United Jersey Bank*,
  848 F.2d 414 (3d Cir. 1988) ................................................................................................. 2

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
  38 F.3d 1380 (3d Cir. 1994) ................................................................................................. 4

*Price v. Trans Union, LLC*,
  737 F. Supp. 2d 276 (E.D. Pa. 2010) .................................................................................. 10

*Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,
  C.A. No. CV 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016) .......................... 9

*Softview LLC v. Apple Inc.*,
  C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ........................................ 9

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  137 S. Ct. 1514 (2017) ......................................................................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .............................................................................................................. 4

*Warner-Lambert Co. v. Apotex Corp.*,
  316 F.3d 1348 (Fed. Cir. 2003) ........................................................................................... 8

*Wilkerson v. New Media Tech. Charter Sch. Inc.*,
  522 F.3d 315 (3d Cir. 2008) ................................................................................................. 4

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................................. 3

RLF1 18181329v.1

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**Rules**

FED. R. CIV. P. 12(b)(6) ..........................................................................................................1, 4, 5

FED. R. CIV. P. 15(a)(2).............................................................................................................10

Rule 8 ......................................................................................................................................7

**Other Authorities**

5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure 1357 (3d
      ed. 2004) ..........................................................................................................................2

## I.     NATURE AND STAGE OF PROCEEDINGS

Plaintiff Senco Brands, Inc. ("Senco") filed its original complaint against Defendant Hitachi Koki U.S.A., Ltd. ("Hitachi Koki") on May 23, 2017 alleging infringement of U.S. Patent Nos. 8,011,547 (the "'547 patent"), 8,267,296 (the "'296 patent"), 8,267,297 (the "'297 patent"), 8,387,718 (the "'718 patent"), 8,286,722 (the "'722 patent"), and 8,602,282 (the "'282 patent") (collectively the "Patents-in-Suit").  (D.I. 1, the "Original Complaint").

After Hitachi Koki filed a motion to partially dismiss the Original Complaint under Federal Rule of Civil Procedure 12(b)(6) on August 7, 2017 (D.I. 8), Senco filed its First Amended Complaint against Hitachi Koki on August 28, 2017. (D.I. 12, the "Amended Complaint").  Hitachi Koki then filed the present motion to partially dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) (D.I. 11, the "Motion") and its brief in support thereof (D.I. 12) on September 11, 2017.

Because Senco's Amended Complaint properly pleads claims of willful infringement and induced infringement, Hitachi Koki's Motion should be denied.  This is Senco's answering brief in opposition to the Motion.

## II.     SUMMARY OF THE ARGUMENT

Hitachi Koki's Motion should be denied because Senco's Amended Complaint alleges sufficient facts to state plausible claims that Hitachi Koki (i)  had knowledge that it was infringing the Patents-in-Suit and (ii) induced its customers to infringe the Patents-in-Suit.

First, the Motion must be denied with respect to acts of infringement that occurred on or after May 23, 2017, the date on which the Original Complaint was filed with allegations that Hitachi Koki had willfully infringed the Patents-in-Suit and induced its customers to infringe the same.  Hitachi Koki has not argued—and could not argue—that it lacked knowledge either of the Patents-in-Suit or that it was infringing the Patents-in-Suit after having been served with a

RLF1 18181329v.1

complaint alleging such infringement. *See, e.g.*, *Bayer Healthcare, LLC v. Baxalta Inc.*, C.A. No. 16-1122-RGA (D. Del. Aug. 10, 2017) (ORDER) (D.I. 27 at 1-2) ("Defendants do not and could not argue that they did not have knowledge of the patent [in suit] after being served with the complaint.").

Second, the Amended Complaint pled allegations to establish that Hitachi Koki had knowledge of the Patents-in-Suit prior to its first infringement of the Patents-in-Suit and that it knew or should have known that its manufacture and sale of its Infringing Nailers was likely to infringe the Patents-in-Suit.

Finally, the Amended Complaint pled that Hitachi Koki provides detailed user manuals with the Infringing Nailers that instruct users to perform actions that infringe the Patents-in-Suit. Combined with Hitachi Koki's knowledge of the Patent-in-Suit, these user manuals establish that Hitachi Koki had the requisite intent to induce its customers to infringe.

## III.     STATEMENT OF FACTS

Senco originally filed a complaint alleging infringement of the Patents-in-Suit against Hitachi Koki in the District Court for the Southern District of Ohio on January 25, 2017. Complaint, *Senco Brands, Inc. v. Hitachi Koki USA Ltd.*, C.A. No. 1:17-cv-61 (S.D. Ohio Jan. 25, 2017) (D.I. 1, the "Ohio Complaint").[1]   Hitachi Koki executed a waiver of service for the Ohio Complaint on February 1, 2017.   Waiver of Service, *Senco Brands, Inc. v. Hitachi Koki USA Ltd.*, C.A. No. 1:17-cv-61 (S.D. Ohio Feb. 1, 2017) (D.I. 13).   The Ohio Complaint

---

[1] In evaluating a motion to dismiss, the Court may consider items outside the four corners of the complaint, including "items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure 1357 (3d ed. 2004)).   "The Court may also take judicial notice of the factual record of a prior proceeding." *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 100 F. Supp. 3d 357, 361 (D. Del. 2015) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)).   The Ohio Complaint is a public record the Court may take judicial notice for the purposes of evaluating the Motion.

specifically identified the Patents-in-Suit and contained substantially the same detailed allegations regarding Hitachi Koki's infringement of the Patents-in-Suit as the Original Complaint. *See, e.g.*, Ohio Complaint ¶ 6 and Exhibit B. Senco voluntarily dismissed the Ohio Complaint on May 23, 2017 based on the Supreme Court's holding regarding the residence of domestic corporations under 28 U.S.C. § 1400(b) in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017) (*see* Notice of Voluntary Dismissal, *Senco Brands, Inc. v. Hitachi Koki USA Ltd.*, C.A. No. 1:17-cv-61 (S.D. Ohio May 23, 2017) (D.I. 21) and filed its Original Complaint before this Court. (D.I. 1.) Hitachi Koki executed a waiver of service of process for the Original Complaint on July 5, 2017. (D.I. 6.) After Hitachi Koki moved to dismiss the Original Complaint, Senco filed its Amended Complaint on August 28, 2017. (D.I. 12.)

Since well before the start of this litigation, Senco has sold its Fusion™ product line of nailers (the "Fusion Nailers"), which are covered by the Patents-in-Suit. (Amended Complaint, D.I. 12 ¶ 20.) At least as early as January 2015, Senco's Fusion Nailers were sold through Lowes locations (*Id.* ¶ 22.) Lowes advertised the Fusion Nailers on Lowes' website side by side with Hitachi Koki's competitive nailer products. (*Id.*) Lowes' advertisements for the Fusion Nailers clearly state that Senco's Fusion Nailers are patented. (*Id.* ¶ 23.) The Amended Complaint pleads that, on information and belief, Hitachi Koki designed certain nailers (model numbers NT1865DMA, NT1865DM, and NT1850DE) (collectively, the "Infringing Nailers") to be substantially similar to Senco's Fusion Nailers, which are covered by the Patents-in-Suit. In late 2016, Hitachi Koki then presented its Infringing Nailers to Lowes as replacements for Senco's patented Fusion Nailers. (*Id.* ¶ 24.) Thereafter, Hitachi Koki began selling its Infringing Nailers through Lowes with full knowledge of Senco's patents related to Senco's

patented Fusion Nailers—that is, with full knowledge of the Patents-in-Suit.

Hiatchi Koki's Infringing Nailers are sold with user manuals containing detailed instructions that describe how to use the Infringing Nailers. (*Id.* ¶ 78; *Id.* at <u>Exhibit I</u>.) These user manuals instruct users to operate the Infringing Nailers in a manner that infringes the Patents-in-Suit. (*Id.* ¶ 78.)

## IV.   <u>ARGUMENT</u>

To survive a motion to dismiss under Rule 12(b)(6), a complainant must plead sufficient facts to show that the challenged claim has "substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts set forth in the complaint must merely "nudge[] [the plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks and citation omitted).

In analyzing a motion to dismiss, "a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff." *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 468 (D. Del. 2016). To determine if an allegation is plausible, the "court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference." *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384–85 n.2 (3d Cir. 1994)). This analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Iqbal*, 556 U.S. at 679.

### 1.    Senco has plausibly alleged willful infringement

"A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). "At the pleading stage, it is not necessary to show that the case is egregious." *Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*, C.A. No. 16-358-RGA, 2017 WL 438733, at *1 (D. Del. Feb. 1, 2017). To survive a motion to dismiss, it is only necessary for the complaint to set forth facts upon which "it is plausible that [the defendant] intentionally or knowingly infringed the patent-in-suit." *Id*. at *2.

### a.    Hitachi Koki has knowledge of the Patents-in-Suit post-suit

In analyzing a Rule 12(b)(6) motion to dismiss a claim of willful patent infringement, courts in the District of Delaware have divided the inquiry into (i) acts of infringement that occur prior to the date on which a plaintiff filed suit and (ii) acts of infringement that occurred on or after the date on which the plaintiff's complaint was filed. *See, e.g.*, *Bayer Healthcare LLC, v. Baxalta Inc.*, C.A. No. 16-1122-RGA (D. Del. August 10, 2017) (ORDER) (D.I. 27 at 1-2) ("It seems to me, as an initial matter, that the dispute here is necessarily limited to the period of time between when the patent issued . . . and when Plaintiff filed suit. . . . Defendants do not and could not argue that they did not have knowledge of the patent after being served with the complaint."). This division is necessary because under the standard for determining willfulness announced in *Halo Electronics, Inc.*, 136 S. Ct. at 1932, a defendant cannot plausibly deny that it lacked knowledge of an asserted patent after it has received a complaint containing detailed infringement allegations. *See DermaFocus*, 201 F. Supp. 3d at 473 (denying motion to dismiss with respect to post-complaint willful infringement); *Apple Inc. v. Samsung Elecs. Co.*, C.A. No. 12-00630-LHK, 2017 WL 2720220, at *11 (N.D. Cal. June 23, 2017) (under *Halo*, "post-filing

conduct alone can serve as the basis of a jury's willfulness finding and an award of enhanced damages").

Here, Hitachi Koki does not—and could not—dispute that it had full knowledge of the Patents-in-Suit at least as early as the filing of the Original Complaint on May 23, 2017.[2] The Amended Complaint alleges that despite Hitachi Koki's knowledge of the Patents-in-Suit, Hitachi Koki continues to sell the Infringing Nailers. (Amended Complaint, D.I. 12 ¶ 79.) Just as in *DermaFocus*, *Zimmer Surgical*, and *Bayer Healthcare*, Hitachi Koki's motion to dismiss must be denied at least with respect to post-suit willfulness.

**b.   Senco has plausibly pled that Hitachi Koki had pre-suit knowledge of the Patents-in-Suit.**

Taking the well-pled facts of the Amended Complaint as true, it is not only plausible, but probable that Hitatchi Koki had full knowledge of the Patents-in-Suit prior to importing, making, using, or offering for sale the Infringing Nailers.

As set forth in the Amended Complaint, starting in or around July 2013, Hitachi Koki sold its non-infringing professional line of nailer products side by side with Senco's professional nailer products through Lowes. (Amended Complaint, D.I. 12 ¶ 21.) Starting around January 2015, Senco's patented Fusion Nailers were sold side by side with Hitachi Koki's non-infringing cordless nailer products. (Amended Complaint, D.I. 12 ¶ 22.) Although they were not marked with the numbers of the Patents-in-Suit, the advertisements for Senco's Fusion Nailers stated that they were patented. (*Id.*) Hitatchi Koki's products appeared next to Senco's Fusion products (which were described as being patented) in Lowe's advertisements. (*Id.*) Senco's Fusion products are covered by the Patents-in-Suit. (Amended Complaint, D.I. 12 ¶¶ 19–20.) Because

---

[2] Indeed, Hitachi Koki had full knowledge of the Patents-in-Suit at least as early as February 1, 2017, when it received a copy of the Ohio Complaint that contained detailed allegations that Hitachi Koki was infringing the Patents-in-Suit by making, using, and offering for sale the Infringing Nailers.

it was selling competitive products that appeared next to Senco's patented Fusion products (which were described as being patented) in Lowe's advertisements, Hitatchi Koki became aware of the Patents-in-Suit during this time. (Amended Complaint, D.I. 12 ¶ 23.)

In addition to the foregoing facts—which plead how Hitachi Koki encountered and learned of the Patents-in-Suit—Senco's Amended Complaint explicitly pleads that Hitachi Koki was aware of the Patents-in-Suit prior to making its Infringing Nailers. "In late 2016, Hitachi began selling the infringing Hitachi Nailers through Lowes with full knowledge of Senco's patents related to Senco's Patented Fusion nailers [i.e., the Patents-in-Suit] and with full knowledge that they had replaced the Senco's Patented Fusion product nailer." (Amended Complaint, D.I. 12 ¶ 25.)

These facts are similar to those presented in *Cipla Ltd. v. Sunovion Pharmaceuticals, Inc.*, where Judge Stark concluded that the plaintiff had plausibly set forth a claim of willful infringement. 174 F. Supp. 3d 869, 784 (D. Del. 2016). In *Cipla*, the plaintiff baldly alleged that the defendant had knowledge of the patent-in-suit without providing any further explanation as to how the defendant had gained this knowledge. *Id.* ("The complaint alleges that . . . Defendant had (and continues to have) knowledge of the [patent-in-suit] ( [Complaint] ¶ 13)."). The specific paragraph relied upon by Judge Stark simply stated in relevant part that "Upon information and belief, during the time period relevant to the claims set forth below, [defendant] had knowledge of the [patent-in-suit]." Complaint, *Cipla Ltd. v. Sunovion Pharmaceuticals, Inc.*, C.A. No. 15-424-LPS (D. Del. May 26, 2015) (D.I. 1 ¶ 13).

Senco's complaint goes far beyond the minimal acceptable pleading in *Cipla*. Senco not only alleges that Hitachi Koki was aware of the Patents-in-Suit, Senco has set forth facts which plausibly establish how Hitachi Koki learned of the Patents-in-Suit (a factual basis that was not required in *Cipla*). As the Amended Complaint far exceeds the minimal pleading threshold required under Rule 8, Hitachi Koki's Motion should be denied.

7

> **c.    Senco has pled facts establishing Hitachi Koki's conduct as egregious.**

As detailed above, Senco has plausibly alleged that Hitachi Koki deliberately created the Infringing Products to replace Senco's patented Fusion Nailers, despite its knowledge of the Patents-in-Suit.  (Amended Complaint, D.I. 12 ¶ 24.)  Hitachi Koki's Infringing Products were "designed to be substantially similar" to Senco's patented Fusion Nailers.  (*Id.*)  After learning of the Patents-in-Suit, Hitachi Koki studied Senco's patented Fusion products and approached Lowes with an offer to replace them with Hitatchi Koki's substantialy identical Infringing Nailers.  (*Id.*)  Hitachi Koki sold its Infringing Nailers "with full knowledge" of the Patents-in-Suit (*Id.* ¶ 25), and has continued to do so to this day (even after having been served with both the Ohio Complaint and the Original Complaint). (*Id.* ¶ 79.)

Hitachi Koki's actions are exactly the type of behavior that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate" and should be punished through an award of enhanced damages.  *Halo*, 136 S. Ct. at 1932.

> **2.    Senco has plausibly alleged induced infringement.**

To plead a claim for induced infringement, a plaintiff must allege facts sufficient to establish three things:  (1) the patent-in-suit is directly infringed; (2) the defendant induced that infringement; and (3) the defendant did so with the specific intent to encourage the third party to infringe.  *See, e.g.*, *Cipla*, 174 F. Supp. 3d at 872 (citing *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003)).

Hitachi Koki does not contest that the Amended Complaint sets forth sufficient facts to establish the first two elements, namely, that the Patents-in-Suit are directly infringed and that Hitachi Koki induced that direct infringement.  (D.I. 15 at 8–11.)

With respect to Hitachi Koki's knowledge, as set forth above, Hitatchi Koki does not (and could not) contest that it both knew of the Patents-in-Suit and that it had the specific intent

8

to induce its customers to infringe the Patents-in-Suit by selling the Infringing Nailers.  *See, e.g.*, *Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, C.A. No. 13-335-LPS-CJB, 2016 WL 6594076, at *9 (D. Del. Nov. 4, 2016) ("It is not disputed that service of the original Complaint on [defendant] in April 2013 gave that Defendant actual knowledge of the [patent-in-suit]."); *see also Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) ("[T]he filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement occurring after the filing date.").

Senco has further plausibly pled that Hitachi Koki knew of the Patents-in-Suit prior to creating its Infringing Nailers and intended to induce its customers to infringe the Patents-in-Suit by using the Infringing Nailers.  Because Hitachi Koki created its Infringing Nailers as direct replacements for Senco's patented Fusion Nailers, one can reasonably infer that any use of the Infringing Nailers would infringe the Patents-in-Suit.  Hitachi Koki provided detailed manuals with each of its products that instructed customers to use the Infringing Nailers in a manner that would infringe the Patents-in-Suit.  (Amended Complaint, D.I. 12 ¶ 79.)  User manuals are exactly the type of instruction courts have accepted as demonstrating the specific intent to induce infringement.  *See, e.g.*, *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1058 (Fed. Cir. 2010) (indicating that labels or instructions teaching third parties how to use a drug in an infringing manner can be evidence of intent to induce infringement); *see also  Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009) ("Evidence of active steps taken to induce infringement, such as advertising an infringing use, can support a finding of an intention for the product to be used in an infringing manner.").

### 3.    If the Court grants the Motion, Senco should be granted leave to file an amended pleading.

Federal Rule of Civil Procedure 15(a)(2) provides that once 21 days have passed after a

pleading is filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires" (*Id.*), and the court has discretion to grant or deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has held that leave to amend pleadings should be liberally granted so that "claim[s] will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Absent undue delay, bad faith or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

When a party seeks leave to amend its pleading, the non-movant bears the burden to demonstrate that leave should be denied. *See, e.g.*, *Campbell v. Sedgwick Detert, Moran & Arnold*, C.A. No. 11-642-ES-SCM, 2013 WL 1314429, at *2 (D.N.J. Mar. 28, 2013) (citing *Foman*, 371 U.S. at 182); *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010).

To the extent the Court grants Hitachi Koki's Motion (either in whole or in part), the Court should grant Senco leave to file an amended pleading to remedy any deficiencies in the Amended Complaint after the parties have engaged in discovery. Hitachi Koki has not presented any arguments as to why the Court should dismiss Senco's claims for willful infringement and induced infringement with prejudice, rather than granting Senco leave to file an amended pleading (if necessary) containing further allegations on these claims at a future time.[3]   As

---

[3] Hitachi Koki's reliance on *Holmes v. Gates* is misplaced. 403 F. App'x 670 (3d Cir. 2010). In *Holmes*, the plaintiff had already obtained leave to amend her complaint three times. *Id.* at 673. When Holmes sought leave to file her fourth proposed amendment, the district court noted that she "continues to assert the same conclusory statements as in the previous three iterations of Plaintiff's complaint" and refused to grant leave on that basis. *Holmes v. Gates*, C.A. No. 1:08-

Hitachi Koki will suffer no unfair prejudice, the Court should exercise its discretion and to the extent Senco's claims are dismissed, such dismissal should be *without* prejudice.

## V.   CONCLUSION

Because Senco's allegations in the Amended Complaint plausibly establish that Hitachi Koki had both knowledge of the Patents-in-Suit and the specific intent to induce its customers to infringe the Patents-in-Suit prior to creating the Infringing Nailers, Hitachi Koki's Motion should be denied.   Alternatively, Hitachi Koki's Motion must be denied with respect to acts of infringement which occurred after the filing of the Original Complaint, as it cannot deny that it had the requisite knowledge and specific intent after that date.

|  |  |
|---|---|
| | */s/   Kelly E Farnan* |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| Robert S. Rigg | farnan@rlf.com |
| Timothy M. Nitsch | Selena E. Molina (#5936) |
| John K. Burke | molina@rlf.com |
| Vedder Price P.C. | Richards, Layton & Finger, P.A. |
| 222 North LaSalle Street, Suite 2500 | One Rodney Square |
| Chicago, IL  60601 | 920 North King Street |
| Tel:  (312) 609-7500 | Wilmington, DE  19801 |
| rrigg@vedderprice.com | Tel:  (302) 651-7705 |
| tnitsch@vedderprice.com | |
| jburke@vedderprice.com | *Attorneys for Kyocero Senco f/k/a Senco, Inc.* |

Dated:  September 25, 2017

---

CV-2152, 2010 WL 956412, at *4 n.3 (M.D. Pa. Mar. 11, 2010).  Here, plaintiff voluntarily filed its Amended Complaint and should be provided with an opportunity to file an amended pleading, to the extent further allegations are required, at a later date.