IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENCO BRANDS, INC., an Ohio corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-598 (GMS) |
| | ) | |
| HITACHI KOKI U.S.A., LTD., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT HITACHI KOKI'S REPLY BRIEF IN SUPPORT OF ITS MOTION
TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
*Attorneys for Hitachi Koki U.S.A., Ltd.*

OF COUNSEL:

Paul Devinsky
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Joseph H. Paquin, Jr.
Amol A. Parikh
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

October 2, 2017

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................... 1

ARGUMENT ............................................................................................................... 1

    I.      Senco's Complaint Fails To Allege Any Facts Supporting Its Claim Of Willful Infringement .......................................................................... 1

          A.     Senco Concedes It Did Not Properly Allege Hitachi Koki Had Pre-Suit Knowledge of the Patents-in-Suit .................................... 1

          B.     Senco Has Not Alleged Sufficient Facts Supporting Its New Claim Of Post-Filing Willful Infringement .................................. 4

    II.     Senco Has Not Sufficiently Pled Induced Infringement ......................................... 5

    III.    The Dismissal Should Be With Prejudice ............................................................... 8

CONCLUSION ........................................................................................................... 8

## TABLE OF AUTHORITIES

### Cases

*AstraZeneca LP v. Apotex, Inc.*,
  633 F.3d. 1042 (Fed. Cir. 2010)..................................................................... 7

*Bayer Healthcare, LLC v. Baxalta Inc.*,
  No. 16-1122-RGA (D. Del. Aug. 10, 2017) ................................................... 5

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
  No. 12-cv-1111-GMS (D. Del. Nov. 18, 2013) .............................................. 7

*Callwave Commn's LLC v. AT&T Mobility LLC*,
  No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014)..................... 4

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
  2:16-CV-00801-RCJ-VCF, 2017 WL 58572 (D. Nev. Jan. 4, 2017) ........... 5

*Cipla Ltd. v. Sunovion Pharmaceuticals Inc.*,
  C.A. No. 15-cv-424-LPS (D. Del. July 20, 2015) ........................................ 2

*Cooper Lighting, Inc. v. Cordelia Lighting*,
  1:16-CV-2669-MHC, 2017 WL 3469535 (N.D. Ga. Apr. 6, 2017) .............. 5

*Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*,
  73 F. Supp. 3d 435 (D. Del. 2014).................................................................. 3

*DermaFocus LLC v. Ulthera, Inc.*,
  201 F. Supp. 3d 465 (D. Del. 2016)................................................................ 5

*Dole v. Arco Chem. Co.*,
  921 F.2d 484 (3d Cir. 1990)............................................................................ 8

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006)...................................................................... 6

*Foman v. Davis*,
  371 U.S. 178 (1962)........................................................................................ 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)........................................................................................ 6

*Holmes v. Gates*,
  403 F. App'x 670 (3d Cir.2010) .................................................................... 8

*In re Burlington Coat Factory Secs. Litig.*,
  114 F.3d 1410 (3d Cir. 1997).......................................................................... 8

*Lucent Tech. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009)...................................................................... 7

## TABLE OF AUTHORITIES CONT'D

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
  2015 WL 7833206 (D. Del. Dec. 3, 2015)........................................................ 3, 4

*Monec Holding AG v. Motorola Mobility, Inc.*,
  897 F.Supp.2d 225 (D. Del 2012)........................................................ 1, 2, 7

*Princeton Digital Image Corp. v. Ubisoft Entertainment SA*,
  No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016) ........................................................ 4

*Radware, Ltd. v. F5 Networks, Inc.*,
  5:13-CV- 02024-RMW, 2016 WL 4427490 (N.D. Cal. 2016)................................................. 5

*Softview LLC v. Apple Inc.*,
  No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012)................................................. 6

*Spigen Korea Co., Ltd. v. Ultraproof Inc., et al.*,
  Case No. 17-cv-1161-DOC (C.D. Cal. July 24, 2017) ........................................................ 2

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985)........................................................ 1

*Straight Path IP Group, Inc. v. Vonage Holdings Corp.*,
  C.A. 14-cv-502-JLL, 2014 WL 3345618 (D. N.J. July 7, 2014)................................................. 8

*Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS,
  2016 WL 3748772 (D. Del. July 12, 2016) ................................................. 4

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016)........................................................ 1

*Zimmer Surgical, Inc. v. Stryker Corporation*
  2017 WL 3736750 (D. Del. Aug. 30, 2017) ................................................. 4

*Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1998)........................................................ 3, 4

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................ 1, 8

## INTRODUCTION

Plaintiff Senco Brands, Inc.'s ("Senco") answering brief fails to substantively dispute the arguments in Defendant Hitachi Koki U.S.A., Ltd.'s ("Hitachi Koki") Motion to Dismiss. As explained below, Senco's claim of willful infringement of U.S. Patent Nos. 8,011,547 (the "'547 patent"), 8,267,296 (the "'296 patent"), 8,267,297 (the "'297 patent"), 8,387,718 (the "'718 patent"), 8,286,722 (the "'722 patent"), and 8,602,282 (the "'282 patent") (collectively the "Patents-in-Suit") should be dismissed because the Amended Complaint does not allege Hitachi Koki had pre-suit knowledge of the Patents-in-Suit and does not allege sufficient facts showing behavior that could support a claim for post-suit willfulness. Likewise, Senco's allegations of induced infringement should be denied because Senco does not (and cannot) properly allege Hitachi Koki specifically intended its customers to infringe the Patents-in-Suit. Therefore, Senco's claims for willful infringement and induced infringement (*i.e.*, Count VII) should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

## I.     SENCO'S COMPLAINT FAILS TO ALLEGE ANY FACTS SUPPORTING ITS CLAIM OF WILLFUL INFRINGEMENT

### A.     Senco Concedes It Did Not Properly Allege Hitachi Koki Had Pre-Suit Knowledge of the Patents-in-Suit

Knowledge of the patents-in-suit is a prerequisite to a finding of willful infringement. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016); *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 236 (D. Del 2012).

Senco concedes it did not properly allege that Hitachi Koki had specific knowledge of the Patents-in-Suit prior to the filing of the lawsuit. Senco admits its only allegation involving

"knowledge" in the Amended Complaint is that Hitachi Koki had "notice of Senco's rights respecting the patented technology" by virtue of a webpage product list created by a third-party that does not identify any of the Patents-in-Suit. (*See* D.I. 12 (Amend. Comp.) ¶¶ 21-26; D.I. 15 (Hitachi Koki Br.) at 2, 6-7; D.I. 17 ("Opp.") at 6 ("although **[Senco's products] were not marked with the numbers of the Patents-in-Suit**, the advertisements for Senco's [products] stated they were patented.")(emphasis added)). While there is no allegation that Hitachi Koki ever saw the advertisement, even if it had, knowledge of "patented technology" without specifically identifying the Patents-in-Suit does not provide the requisite knowledge to support a claim for willful infringement. *See* D.I. 15-1 at 3-4, *Spigen Korea Co., Ltd. v. Ultraproof Inc., et al.*, Case No. 17-cv-1161-DOC (C.D. Cal. July 24, 2017) (dismissing willful infringement claim where plaintiff (i) did not demonstrate defendants knew of plaintiff's product listed on a third-party advertisement and (ii) did not identify on the advertisement which of plaintiff's patents were associated with plaintiff's products). Moreover, the mere fact that the same third-party happens to sell products from each party is insufficient to establish knowledge of the Patents-in-Suit. *See e.g. MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) (finding allegation that a defendant should have been aware of its competitor's litigation activities to be "too tenuous even at the pleading stage" to state a claim for willful infringement).

Senco's reliance on *Cipla Ltd. v. Sunovion Pharmaceuticals Inc.*, 174 F.Supp. 3d 869 (D. Del. 2016) is misplaced. In *Cipla,* the defendant admitted it knew about the asserted patent prior to the lawsuit. *See* Ex. B, Defendant's Answering Br., *Cipla Ltd. v. Sunovion Pharmaceuticals Inc.*, C.A. No. 15-cv-424-LPS (D. Del. July 20, 2015) (D.I. 10 at 2, fn. 2) ("Sunovion does not dispute that Cipla identified the patent-in-suit prior to this lawsuit."). Given it was undisputed that the defendant had pre-suit knowledge of the asserted patent, coupled with the fact that the

claim identified the same active ingredient found in the defendant's product, the court found the plaintiff adequately pled a claim for willful infringement. This is unlike the situation here where Senco does not allege any facts in its Amended Complaint that Hitachi Koki had pre-suit knowledge of any of the Patents-in-Suit, let alone knowledge of infringing activities.

Instead of providing factual allegations, all Senco provides is the same legal conclusion for each of the Patents-in-Suit: "Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology" (D.I. 12 ¶¶ 33, 41, 49, 57, 65, 73, 83) and "Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law." (D.I. 12 ¶¶ 34, 42, 50, 58, 66, 74, 85). Such threadbare allegations cannot support a claim for willful infringement. *See Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, 2015 WL 7833206 (D. Del. Dec. 3, 2015) (dismissing willful infringement claims where plaintiff alleged that "[u]pon information and belief, Defendants' infringement has been with knowledge of the [asserted] patent and has been willful"); *Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d 435, 442 (D. Del. 2014) (dismissing willful infringement claims where even though plaintiff alleged defendant was aware of the asserted patent, the complaint "offered no factual information to establish 'awareness' or 'full knowledge' of the patents-in-suit").

Finally, Senco appears to be improperly adding new allegations not found in its Amended Complaint, asserting that Hitachi Koki had knowledge of the Patents-in-Suit as early as January 2017 when Senco filed a Complaint in the District Court for the Southern District of Ohio (Opp. at 2). "It is axiomatic that the complaint may not be amended by the brief[] in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1998); *see also M2M Sols., LLC v. Telit Commc'ns PLC*, C.A. No. 14-1103-RGA, 2015 WL 4640400,

at *3 (D. Del. Aug. 5, 2015) ("[A]s the Third Circuit has stated, . . . 'the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (quoting *PepsiCo,* 836 F.2d at 181). Senco's new fact regarding the original complaint is nowhere to be found in Senco's Amended Complaint and should not be considered in deciding Hitachi Koki's motion to dismiss. *See Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, 2015 WL 7833206, *5 fn. 6 (D. Del. Dec. 3, 2015) (refusing to consider any additional facts in assessing the sufficiency of Plaintiffs willful infringement claim because they were not found in plaintiff's complaint).

### B.  Senco Has Not Alleged Sufficient Facts Supporting Its New Claim Of Post-Filing Willful Infringement

Admitting that the Amended Complaint does not contain any factual allegations that Hitachi Koki had knowledge of the Patents-in-Suit prior to the filing of the Amended Complaint, Senco argues it should at least by entitled to claim willfulness for post-suit conduct. (Opp. at 5-6). Senco is wrong. As a threshold matter, the Amended Complaint is not limited to post-suit conduct and Senco has not referenced or alleged any facts regarding post-suit willfulness behavior, and the claim for post-suit conduct should be dismissed on that basis alone. *See Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) (dismissing willfulness claim that did "not sufficiently articulate how the [alleged infringement] actually amounted to an egregious case"); *Callwave Commn's LLC v. AT&T Mobility LLC*, No. 12-1701-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014) ("the better course is generally not to allow allegations of willfulness based solely on conduct post-dating the filing of the original complaint"); *Princeton Digital Image Corp. v. Ubisoft Entertainment SA*, No. 13-335-LPS-CJB, 2016 WL 6594076, *11-12 (D. Del. Nov. 4, 2016).

Moreover, Senco is wrong that the court in *Zimmer Surgical, Inc. v. Stryker Corporation* allowed a claim of post-suit willfulness to proceed. (Opp. at 6). In that case, Judge Andrews

dismissed a claim for post-suit willfulness because the plaintiff failed to provide any factual content supporting its allegation. *Zimmer*, 2017 WL 3736750, at *2 (D. Del. Aug. 30, 2017) ("Defendants' motion to dismiss the claim for willful infringement is GRANTED."). And, the other cases cited by Senco relating to post-suit willfulness allegations are distinguishable because the willfulness allegations in those cases were much more extensive. *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 470-71, 473 (D. Del. 2016) (noting that complaint contained several facts supporting "allegations of willful infringement"); *Bayer Healthcare, LLC v. Baxalta Inc.*, No. 16-1122-RGA, slip op. at 2 (D. Del. Aug. 10, 2017) (only dispute was whether defendant had knowledge of the patent and court found defendant had knowledge only after filing of suit, but not before).

Moreover, several post-*Halo* courts have held that a willfulness claim may not rely solely on post-complaint conduct if the plaintiffs do not seek a preliminary injunction to enjoin such activity. *See e.g. Cooper Lighting, Inc. v. Cordelia Lighting*, 1:16-CV-2669-MHC, 2017 WL 3469535, at *3 (N.D. Ga. Apr. 6, 2017) (finding that a patentee who does not seek a preliminary injunction may not base a claim for willful infringement on post-filing conduct); *CG Tech. Dev., LLC v. FanDuel, Inc.*, 2:16-CV-00801-RCJ-VCF, 2017 WL 58572, at *6 (D. Nev. Jan. 4, 2017) (same); *Radware, Ltd. v. F5 Networks, Inc.*, 5:13-CV- 02024-RMW, 2016 WL 4427490, at *6 (N.D. Cal. 2016) (same).

## II.   SENCO HAS NOT SUFFICIENTLY PLED INDUCED INFRINGEMENT

Senco attempts to save its induced infringement claims by avoiding the real issue – that is, whether Senco has adequately pled all required elements of an induced infringement claim. As noted in Hitachi Koki's opening brief, allegations of induced infringement require that Senco plead and prove Hitachi Koki: (i) knew of the patent; (ii) knowingly induced the infringing acts; and (iii) possessed a specific intent to encourage another's infringement of the patent. *DSU Med.*

*Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). In its opposition, Senco fails to point to any specific allegations that meet these elements.

First, as explained above, Senco does not adequately allege facts that Hitachi Koki had actual notice of the Patents-in-Suit. *See also Softview LLC v. Apple Inc.,* No. 10-389-LPS, 2012 WL 3061027, *6 (D. Del. July 26, 2012) (finding allegations of "media publicity," *i.e.*, articles on third-party news websites concerning the patent as a result of a lawsuit with other parties, to be insufficient to allege knowledge). Based on this fact alone, Hitachi Koki's motion to dismiss the induced infringement claims should be granted.

Second, Senco provides no facts alleging that Hitachi Koki "*knowingly* induced the infringing acts," or how Hitachi Koki "possessed a *specific intent* to encourage another's infringement." Instead, Senco asserts generally that because Hitachi Koki allegedly created the accused nailers as a direct replacement for Senco's nailers, any use of the nailers would infringe the Patents-in-Suit and providing users with manuals necessarily means Hitachi Koki intended its customers to infringe. (Opp. at 9). However, Senco conflates intent for a customer to use a product with intent to encourage infringement. The relevant case law requires that induced infringement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

Nothing in Senco's Amended Complaint plausibly shows that Hitachi Koki specifically intended that its customers infringe the Patents-in-Suit, let alone that it knew of the Patents-in-Suit, or that Hitachi Koki knew the acts of such unspecified customers constituted infringement at any period of time. (Opp. at 9). Senco's unsupported statement that Hitachi Koki knows that the accused products will perform methods allegedly infringing the Patents-in-Suit says nothing about how Hitachi Koki purportedly instructs and encourages users or whether such instruction

demonstrates any knowledge of the Patents-in-Suit, let alone the specific intent to cause infringement and knowledge that Hitachi Koki's customers would commit infringement. *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-cv-1111-GMS, *1 fn. 5 (D. Del. Nov. 18, 2013) (Sleet, J.) ("Allegations that [defendant] knew of [plaintiff's] patents and of its customers' use of [defendant's] products do not suffice to establish that [defendant] also knew that its customers' use of [defendant's] own products would amount to infringement of [plaintiff's] patents."); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012) (plaintiff's "conclusory averments" that defendant "sell[s], advertis[es], suppl[ies] and instruct[s] its respective customers on the use of the infringing product" were insufficient to establish specific intent). Notably, Senco does not address any of these cases in its answering brief.

Instead, Senco relies on cases that are distinguishable because the complaints in those cases contained specific factual allegations or evidence of an affirmative intent that customers use the accused product in an infringing matter. *See AstraZeneca LP v. Apotex, Inc.*, 633 F.3d. 1042, 1058 (Fed. Cir. 2010) (finding defendant "'was aware of and certainly concerned about the potential infringement problem posed by [the instruction on] its label,'" but nevertheless decided to proceed with the label."); *Lucent Tech. v. Gateway, Inc.*, 580 F.3d 1301, 1322-23 (Fed. Cir. 2009) (identifying numerous facts showing defendant "both encouraged others to commit infringing acts and knew or should have known that its conduct would result in direct infringement" because "the infringing pop-up tool functionality is pervasive in the accused products; that the normal and intended operation of those products used the infringing functionality; and that [defendant] encouraged and intended users to infringe."). Unlike these cases, here, Senco only points to user manuals that generally describe how to use the accused

product; it has not identified a single fact showing that Hitachi Koki actually encouraged and intended its customers use the accused products in an infringing manner.

## III.     THE DISMISSAL SHOULD BE WITH PREJUDICE

As explained in Hitachi Koki's opening brief, Senco has had multiple opportunities to cure the deficiencies in its pleading. Senco amended its complaint once, but has declined to do so a second time. Now, Senco has been unable to convincingly defend its deficient pleading. Unlike the plaintiffs in the cases cited by Senco, here Senco has had several "bites at the apple" and has shown that it simply cannot sufficiently allege induced or willful infringement to survive a motion under Rule 12(b)(6). *Foman v. Davis*, 371 U.S. 178 (1962) (noting that leave not freely given due to "repeated failure to cure deficiencies by amendments"); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (same); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997) (leave to amend not allowed when granting motion to dismiss is made under Rule 12(b)(6), and instead is only permitted when granting a motion to dismiss allegations of fraud), *cf. Holmes v. Gates*, 403 F. App'x 670, 674 (3d Cir.2010) (dismissing complaint with prejudice where plaintiff had multiple opportunities to include necessary facts in the complaint but failed to do so); *see also Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, C.A. 14-cv-502-JLL, 2014 WL 3345618, *3, fn. 2 (D. N.J. July 7, 2014) (dismissing complaint with prejudice because plaintiffs had several opportunities to amend its complaint). Accordingly, the requested dismissal should be with prejudice.

## CONCLUSION

For the foregoing reasons, Count VII of Senco's Amended Complaint relating to induced infringement and Senco's allegations of willful infringement should be dismissed with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____

Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
*Attorneys for Hitachi Koki U.S.A., Ltd.*

OF COUNSEL:

Paul Devinsky
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Joseph H. Paquin, Jr.
Amol A. Parikh
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

October 2, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 2, 2017, upon the following in the manner indicated:

Kelly E. Farnan                                                                         *VIA ELECTRONIC MAIL*
Selena E. Molina
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiff Senco Brands, Inc.*

Robert S. Rigg                                                                          *VIA ELECTRONIC MAIL*
Timothy M. Nitsch
John K. Burke
VEDDER PRICE P.C.
222 N. LaSalle St., Suite 2600
Chicago, IL  60601
*Attorneys for Plaintiff Senco Brands, Inc.*

/s/ *Karen Jacobs*
_____
Karen Jacobs (#2881)