IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENCO BRANDS, INC., Plaintiff,<br><br>v.<br><br>HITACHI KOKI U.S.A., LTD.,<br><br>   Defendant. | C A. No. 17-598-GMS |

## JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's Order re: Case Management in Civil Cases issued on September 12, 2017 (Dkt. No. 16), plaintiff Senco Brands, Inc. ("Plaintiff") and defendant Hitachi Koki U.S.A., Ltd. ("Defendant"), by and through their undersigned counsel, jointly submit this Joint Status Report.

1.   **Jurisdiction and Service**:  The parties agree that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and venue in this judicial district is proper under 28 U.S.C. § 1400(b) because Defendant resides in this district.  No parties remain to be served.

2.   **Substance of the Action**:

Plaintiff contends that Defendant has directly infringed Plaintiff's U.S. Patent Nos. 8,011,547, 8,267,296, 8,267,297, 8,387,718, 8,286,722, and 8,602,282 (collectively, the "Asserted Patents") by making, using, selling, offering to sell, and importing certain nailers (the "Accused Products").  Plaintiff also contends that Defendant has induced infringement of its U.S. Patent No. 8,387,718 by selling the Accused Products to customers with instructions for carrying out infringing methods.  Plaintiff contends that this infringement is willful and that this is an exceptional case under 35 U.S.C. § 285.

Defendant denies it ever infringed, either directly or by inducement, any claims of the Asserted Patents, including the claims identified in Senco's First Amended Complaint. Defendant also denies Plaintiffs allegations of willful infringement. Finally, Defendant alleges that the claims of the Asserted Patents are invalid under one or more of 35 U.S.C. § 102, 103, and 112.

Defendant disagrees that Plaintiff's First Amended Complaint provides facts and/or allegations supporting either willful or induced infringement of the Asserted Patents. Defendant has filed a motion to partially dismiss for failure to state a claim with regards to Plaintiff's allegations of (i) willful infringement in all Counts and (ii) indirect infringement in Count VII in the First Amended Complaint for Patent Infringement. The motion is fully briefed and ripe for adjudication.

Finally, on September 25, 2017, Plaintiff filed a complaint with the United States International Trade Commission alleging products imported by Defendant infringe the Asserted Patents. An institution decision is expected on or before October 25, 2017. If the investigation is instituted, Defendant expects to request the court to stay the current district court action pursuant to 28 U.S.C. § 1659(a).

3. **Identification of Issues**:

The principal legal and/or factual issues are:

a)   whether the Asserted Patents are valid and/or enforceable;

b)   the proper construction of the asserted claims of the Asserted Patents;

c)   whether the Accused Products possess each and every limitation of the claims of the Asserted Patents as properly construed;

d)   whether Defendant has induced its customers to infringe U.S. Patent No. 8,387,718;

e) for any proven patent infringement, whether Plaintiff is entitled to any monetary relief under 35 U.S.C. §§ 284 and 285; and,

f) for any proven patent infringement, whether Plaintiff is entitled to a permanent injunction enjoining Defendant from any further infringement.

4. **Narrowing of Issues**: Defendant has filed a motion seeking the dismissal of Plaintiff's claim of induced infringement and Plaintiff's claim of willful infringement. The parties expect that, as discovery proceeds and the case progresses, they may be able to narrow the issues by way of stipulation or agreement.

5. **Relief**:

Plaintiff seeks an award of damages based on lost profits and/or Reasonable Royalty. Plaintiff also seeks a permanent injunction prohibiting the manufacture, use, sale, offer for sale, and/or importation of the Accused Products. The amount of damages will be based on information uncovered in discovery. Plaintiff also seeks to recover its reasonable costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285, as well as any further relief that this Court deems just and proper.

Defendant denies that Plaintiff is entitled to seek any relief, and Defendant may seek at least the following relief: (a) a declaration that Plaintiff is not entitled to any relief requested in its complaint against Defendant; (b) a dismissal of Plaintiff's complaint with prejudice; (c) an award to Defendant of its reasonable costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and, (d) an award of any other and further relief that this Court may deem just and proper.

6. **Amendment of Pleadings**: Plaintiff has filed an amended complaint.

7. **Joinder of Parties**: There are no additional parties to be joined.

8. **Discovery**: The parties contemplate that discovery will include written discovery, deposition of fact witnesses, disclosure of experts (technology and damages) and expert reports and deposition of experts. The joint proposed schedule is provided below:

| Event | Proposed Deadline |
|---|---|
| **FACT DISCOVERY** | |
| Plaintiff to Identify Accused Product(s) and Asserted Patent(s) Infringed By Each | December 1, 2017 |
| Defendant to Produce Core Technical Documents for Accused Products | January 19, 2018 |
| Plaintiff to Produce Initial Infringement Contentions | February 23, 2018 |
| Defendant to Produce Initial Invalidity Contentions and Related References | April 20, 2018 |
| Rule 26 Mandatory Initial Disclosures | 30 Days from Entry of Scheduling Order |
| Exchange List of Claim Terms For Construction | May 18, 2018 |
| Exchange Proposed Claim Constructions | June 8, 2018 |
| File Final Joint Claim Chart | June 22, 2018 |
| File Opening Claim Construction Briefs | August 3, 2018 |
| File Answering Claim Construction Briefs | September 7, 2018 |
| File Joint Appendix of Intrinsic Evidence with the Court | September 14, 2018 |
| *Markman* Hearing | October 2018 (at the Court's convenience) |
| Fact Discovery Closed | January 18, 2019 |
| **EXPERT DISCOVERY** | |
| Opening Expert Reports | February 1, 2019 |

| Event | Proposed Deadline |
|---|---|
| Rebuttal Expert Reports | March 1, 2019 |
| Reply Expert Reports (limited to rebuttal of topics properly raised in rebuttal expert reports, e.g., secondary considerations of non-obviousness) | March 22, 2019 |
| Expert Discovery Closed | April 19, 2019 |
| **SUMMARY JUDGMENT MOTIONS** | |
| Letter briefs seeking permission to file a Summary Judgment Motion | May 10, 2019 |
| Answering letter briefs | May 24, 2019 |
| Reply letter briefs | June 3, 2019 |
| Summary Judgment – opening briefs (subject to Court permission | Within 2 weeks of Court's decision |
| Summary Judgment – answering briefs | Per Local Rules |
| Summary Judgment – reply briefs | Per Local Rules |
| Summary Judgment Hearing | TBD |
| **TRIAL** | |
| Pretrial Order | Three business days before Pretrial Conference |
| Pretrial Conference | November 2019, or at the convenience of the Court |
| Trial | December 2019, or at the convenience of the Court |

9.   **Estimated trial length**:  It is expected that a trial on the issues will take 7-10 trial days.

10.   **Jury trial**:  Plaintiff has demanded a jury trial on all triable issues.

11.  **Settlement**: When the case was initially filed in the Southern District of Ohio the attorneys and party representatives met to discuss means for resolving the dispute.  The parties were unable to reach a resolution.  At this time Plaintiff does believe that settlement is feasible.

12.  **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action**: The parties will require a protective order for production and use of confidential information.

13.  **Joint Statement**:  Counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| /s/ Karen Jacobs | /s/ Kelly E. Farnan |
| Karen Jacobs (#2881) | Kelly E. Farnan (#4395) |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | farnan@rlf.com |
| 1201 North Market Street | Selena E. Molina (#5936) |
| P.O. Box 1347 | molina@rlf.com |
| Wilmington, DE  19899-1347 | RICHARDS, LAYTON & FINGER, P.A. |
| (302) 658-9200 | One Rodney Square |
| kjacobs@mnat.com | 920 North King Street |
| *Attorneys for Hitachi Koki U.S.A., Ltd.* | Wilmington, DE  19801 |
| | Tel: (302) 651-7705 |
| | *Attorneys for Plaintiff Senco Brands, Inc.* |

| | |
|---|---|
| OF COUNSEL: | OF COUNSEL: |
| Paul Devinsky<br>McDermott Will & Emery LLP<br>The McDermott Building<br>500 North Capitol Street, N.W.<br>Washington, DC  20001<br>(202) 756-8000<br><br>Joseph H. Paquin, Jr.<br>Amol A. Parikh<br>McDermott Will & Emery LLP<br>444 West Lake Street<br>Chicago, IL  60606<br>(312) 372-2000 | Robert S. Rigg<br>Timothy M. Nitsch<br>John K. Burke<br>VEDDER PRICE P.C.<br>222 North LaSalle Street, Suite 2500<br>Chicago, IL  60601<br>Tel: (312) 609-7500<br>rrigg@vedderprice.com<br>tnitsch@vedderprice.com<br>jburke@vedderprice.com |

Dated:  October 12, 2017