IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KYOCERA SENCO INDUSTRIAL TOOLS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-598-CFC |
| KOKI HOLDINGS AMERICA LTD. | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington this **21st** day of **December, 2022**, the court having considered plaintiff Kyocera Senco Industrial Tools, Inc.'s ("Plaintiff") motion to lift the stay (D.I. 29), and the associated briefing and filings (D.I. 30; D.I. 32; D.I. 33; D.I. 34), IT IS HEREBY ORDERED that Plaintiff's motion is DENIED for the reasons set forth below.

**1.     Background.** On May 23, 2017, Plaintiff filed this lawsuit accusing defendant Koki Holdings America Ltd. ("Defendant") of infringing six patents: U.S. Patent Nos. 8,011,547 ("the '547 patent"), 8,267,296 ("the '296 patent"), 8,267,297 ("the '297 patent"), 8,387,718 ("the '718 patent"), 8,286,722 ("the '722 patent"), and 8,602,282 ("the '282 patent") (collectively, the "patents-in-suit"). (D.I. 1 at ¶¶ 21-78)

**2.** On September 25, 2017, Plaintiff filed a complaint with the United States International Trade Commission ("ITC") alleging that products imported by Defendant infringe the patents-in-suit.[1] (D.I. 19 at 2) The ITC instituted Investigation No. 337-TA-1082 on November 15, 2017. (D.I. 21 at 1) The following day, the court instituted a mandatory stay of

---

[1] Plaintiff's opening brief identifies different dates for the events described in this paragraph. (D.I. 30 at 1-2) The dates disclosed in Plaintiff's brief are inconsistent with the docket in this case.

this action until a final determination in the ITC proceeding pursuant to 28 U.S.C. § 1659. (D.I. 22)

3.      In the ITC proceeding, Plaintiff alleged that Defendant violated Section 337 of the Tariff Act of 1930, codified at 19 U.S.C. § 1337, by importing products that infringed the patents-in-suit. (D.I. 30 at 1) Plaintiff subsequently moved to terminate the ITC investigation as to the '547 patent, and it agreed not to go forward with its claims regarding the '296, '297, '722, and '282 patents. (D.I. 32 at 4) An evidentiary hearing was held on the '718 patent, which was the only remaining patent in the investigation. (*Id.*)

4.      On June 7, 2019, an ITC Administrative Law Judge ("ALJ") issued an initial determination finding no violation of Section 337 due to no infringement of the '718 patent. (D.I. 30 at 2; D.I. 32 at 4) Plaintiff petitioned the ITC for review, and the ITC remanded the determination to the ALJ for consideration of an unaddressed claim limitation. (*Id.*) The ALJ issued another initial determination, again finding no infringement. (*Id.*)

5.      On March 5, 2020, the ITC reversed the ALJ's decision and made a final determination of infringement and a violation of Section 337. (D.I. 30 at 2; D.I. 32 at 4-5) The ITC also issued an order partially excluding the testimony of Plaintiff's expert and a cease-and-desist order. (*Id.*) Both parties appealed to the Federal Circuit. (*Id.*)

6.      The Federal Circuit vacated the ITC's final determination of infringement and remedial order partially excluding the testimony of Plaintiff's expert, remanding the case for further proceedings. *See Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, 22 F.4th 1369 (Fed. Cir. 2022). The ITC subsequently sought comments from the parties on how the investigation should proceed. (D.I. 32 at 5) Defendant asked the ITC to find no violation of Section 337. (*Id.* at 5) Plaintiff moved to terminate the remand proceedings and withdraw its

complaint. (*Id.*; D.I. 30 at 3) Defendant opposed Plaintiff's requested relief, taking the position that the ITC was obligated to issue a final determination of noninfringement under Section 337. (D.I. 30 at 3; D.I. 32 at 5-6)

7. In June of 2022, the ITC granted Plaintiff's motion to withdraw and terminated the investigation without reaching a final determination under Section 337. (D.I. 30 at 3; D.I. 32 at 5-6) The following month, Defendant appealed the ITC's termination decision to the Federal Circuit. (D.I. 32, Ex. A) Plaintiff moved to intervene, and the ITC responded by filing a motion to dismiss the appeal on procedural grounds. (*Id.*, Exs. B, E) In September, the Federal Circuit denied the ITC's motion to dismiss the appeal without prejudice and directed the parties to address jurisdictional issues in their briefs on the merits of the appeal. (D.I. 34)

8. **Legal standard.** Under 28 U.S.C. § 1659(a), a district court is required to stay all civil proceedings involving parties that are also parties to a proceeding before the ITC under Section 337 "until the determination of the Commission becomes final[.]" 28 U.S.C. § 1659(a); *see Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006). The purpose of the mandatory stay provision is to avoid duplicative proceedings in the district court and the ITC "when parallel claims involve the same issues about the same patent." *Wirtgen Am., Inc. v. Caterpillar Inc.*, C.A. No. 17-770-RGA, 2021 WL 7209780, at *1 (D. Del. May 27, 2021) (citing H.R. Rep. No. 103-826(l), at 140 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3773, 3912-13). ITC proceedings are considered final under 28 U.S.C. § 1659(a) when they are "no longer subject to judicial review," including any remand proceedings. *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

9.      **Analysis.** Plaintiff's motion to lift the stay is denied because the ITC's termination of its investigation remains subject to judicial review by the Federal Circuit. *See In re Princo*, 478 F.3d at 1355 (concluding that § 1659 "requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review."). Plaintiff argues that the stay should be lifted because there are no remaining appealable issues for the Federal Circuit to address. (D.I. 30 at 5-8) But the issues of whether the ITC was required to reach a final determination under Section 337, and whether its decision to grant Plaintiff's motion to withdraw was therefore improper, remain pending before the Federal Circuit. (D.I. 34) If the Federal Circuit rules in Defendant's favor on appeal, the case is likely to be remanded with instructions for the ITC to affirmatively determine whether Defendant violated Section 337. In that event, the ITC would be required to address substantive issues left open after the previous Federal Circuit remand, such as "what structures correspond to the claimed 'lifter member'" under 35 U.S.C. § 112, ¶ 6. *Kyocera*, 22 F.4th at 1381.

10.     Plaintiff argues that Defendant's appeal is improper because Defendant is not a "person adversely affected by a final determination of the Commission" under 19 U.S.C. § 1337(c). (D.I. 30 at 6-8) But Plaintiff's jurisdictional challenges to the propriety of Defendant's appeal are pending before the Federal Circuit, which declined to dismiss these same arguments on procedural grounds and ordered the issues to be briefed along with the substantive issues on appeal. (D.I. 32, Ex. B at 7-8; D.I. 34)

11.     Plaintiff further contends that the stay should be lifted because any decision by the ITC following the appeal will not be binding on this court. (D.I. 30 at 8-9) In making this argument, Plaintiff does not acknowledge the mandatory stay provision under § 1659, which requires the stay to remain in place "until the determination of the Commission becomes final[.]"

28 U.S.C. § 1659(a). The purpose of § 1659 is to "avoid[] litigation in two forums at once," and that goal will still be served by maintaining the stay in this instance. *In re Princo*, 478 F.3d at 1355. The Federal Circuit has recognized the utility of having a complete record from ITC proceedings before going forward with district court litigation, and for this reason, the statute prohibits the mandatory stay from being lifted until the ITC proceedings are final. *Id.*

12. Plaintiff's position that perpetuating the stay would only serve to delay Plaintiff's ability to litigate this case is not persuasive because the delays in litigating this case are the direct result of Plaintiff's own actions. (D.I. 30 at 9-10) Plaintiff chose to file the ITC proceeding after this litigation was filed and agreed to the mandatory stay under § 1659. (D.I. 22) Moreover, the pending Federal Circuit appeal was made in response to Plaintiff's strategic decision to withdraw its claims before the ITC reached a final determination. (D.I. 32, Ex. A)

13. Plaintiff's intention to file an amended complaint adding two more patents which were not previously at issue in the ITC proceedings does not alter the analysis. (D.I. 30 at 10-11) Claims regarding the newly added patents would also be subject to the stay because the term "lifter" appears in the claims of U.S. Patent Nos. 11,034,007 and 10,478,954. (D.I. 32, Exs. C, D) The Federal Circuit previously ordered further proceedings on this term, and the ITC is likely to revisit the issue if the Federal Circuit rules in Defendant's favor on the currently pending appeal. *See Kyocera*, 22 F.4th at 1381.

14. Plaintiff's reliance on *Advanced Micro Devices, Inc. v. Mediatek, Inc.* is not persuasive. C.A. No. 19-70-CFC, 2019 WL 4082836 (D. Del. Aug. 29, 2019). There, the court ruled on whether to grant a motion to stay, as opposed to whether to continue an existing stay under § 1659. The focus of the court's analysis was therefore on whether "the parties are currently parties to a proceeding pending before the Commission." *Id.* at *1. In contrast, the

question before the court in this case is whether the ITC ruling is final and no longer subject to judicial review. *See* ¶ 9, *supra*. Because an appeal of the ITC ruling remains pending before the Federal Circuit, lifting the stay at this juncture would be premature. *See In re Princo*, 478 F.3d at 1355.

15. **Conclusion.** For the foregoing reasons, Plaintiff's motion to lift the stay is DENIED. (D.I. 29)

16. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

17. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge